SYDNEY SHERMAN AND ANOTHER v. THE BUFFALO BAYOU, BRAZOS AND COLORADO RAILROAD COMPANY.

The absence of the officers of a Corporation created in this State and carrying on its business here, beyond the State, is not the absence of the Corporation itself, so as to bring such Corporation within the exception contained in the 22nd Section of the Statute of Limitations.

While the office of such Corporation is kept as required by law at some place on the line of the road, and a party has full opportunity to obtain service on the Company, as provided by Statute, it cannot be truly averred that the Corporation is beyond the limits of the State.

Error from Harris.   Tried below before the Hon. Peter W. Gray.

The plaintiff in error filed his petition on 30th May, 1856,

claiming that the defendant was indebted to them in a large sum for work, labor, &c.   To the petition was attached and made a part thereof, an account showing the items of the plaintiffs' claim, and which account states that these items all accrued before the month of May, 1854.

The defendant excepted to the petition and assigned the limitation of two years as a bar to the action.   Defendant also filed general denial, pleas of limitation, payment, and in reconvention.   The plaintiffs, by exception, set up the limitation of two years as a bar to the defendant's claim in reconvention.   Plaintiffs by replication sought to avoid the bar of the Statute, by averring that the President, Treasurer and Secretary of said Railroad Company absented themselves beyond the limits of the State, and so continued absent for the space of four years.

The Court sustained defendant's exception of the Statute of Limitations, and gave judgment accordingly.

*C. W. Buckley*, for plaintiff in error.   The only error complained of is the judgment of the Court " *a quo*," sustaining the exceptions of defendant to the petition and replication of plaintiff upon the ground that the cause of action was, at the commencement of the suit, barred by the Statute of Limitations.

It is true that the defendant is a corporation, created by Act of the Legislature of Texas, and derives its vitality from said Act, passed in February, 1850 ; and had a principal office on the line of the railway at Harrisburg in the county of Harris, and defendant had accepted of a donation of land from the State, and thereby became liable and subject to all the provisions of the General Railroad Act of 1853.   By the 4th section of said Act it is provided that " all process against such Company shall be served on the President or Secretary, or by leaving a copy at the principal office of the corporation.

By the provisions of this Act there are two modes of service

upon railroad corporations, one by personal service on the President or Secretary, the other by leaving a copy at the principal office, which is but constructive notice of the pendency of a suit.    In cases where an individual is sued there are two modes of service, viz : personal service and service by publication.    Now in case an individual absent himself from she State, so that personal service cannot be made upon him, the Statute of Limitations does not run in his favor during the time of such absence ; notwithstanding suit might be commenced against him and service effected by publication while absent from the State.    Such being the rule applicable to individuals, is a different rule to be observed in cases of corporations, and are they to be more favored than actual persons?    Although corporations are, in the language of the Supreme Court of the United States, "to be considered as persons and inhabitants of the State in which they are created, and where they transact business, &c.," they in many instances have an existence beyond the limits of the State or Government which created them.    In England it has been held that a corporation created by the King of Spain, could maintain a suit in the Courts of England.    (Angel on Corp.)    And such is held to be the law in every State in the United States. Now if a corporation, created by the State of Texas, can maintain a suit in the Courts of New York, would not the same corporation be liable to be proceeded against for the recovery of a debt under the laws of New York, if it had property in that State which could be reached by process ?    In Ward v. Lathrop & Lathrop, (4 Tex. R.) it is determined that a non-resident of Texas cannot be cited by publication unless the proceeding is *in rem*, &c.    Would not the principle decided in this case enable a party to sue a foreign corporation in this State by proceeding *in rem*, in case such corporation owned property in Texas ?    It seems to me that the conclusion that such a suit would be proper is unavoidable.    If this position

be true, the fact is already established that a corporation has an existence and vitality beyond the State creating it. Conceding their extra-territorial existence and vitality, is it compatible with correct reasoning to hold that, in case all the officers of the corporation upon whom personal service can be made, and perhaps who hold all the assets of the company, are absent from the State, the Statute of Limitations shall continue to run, because constructive notice of the pendency of the suit can be given by leaving a copy at the principal office of the Company, while a different rule exists as to natural persons? I think not.

The question is one of great importance when considered in connection with the fact that corporations are more numerous perhaps in Texas than any other State, and the more important ones make their largest contracts abroad, and most of their officers, more particularly those who hold the funds, reside abroad ; and should be correctly settled. Believing the judgment of the Court below to be erroneous, it is respectfully submitted that the same ought to be reversed, and a new trial awarded.

*D. J. Baldwin*, also for plaintiff in error. It may also be contended that by Statute, process could be served by leaving the writ in their principal office. That may be, and probably is true ; but *non constat*, that the Statute runs therefore, and bars this action.

A man who is out of the State may be sued ; and service got by publication ; but the Statute says the time of absence "'shall not be accounted."

Upon the subject of the personality of corporations, reference is made to Marshall v. The Baltimore and Ohio R. Co., (16 Howard, 314,) where recent and very learned discussions upon this point are given at full line. Also, Planters and Merchants Bank v. Andrews, (8 Porter's Ala. 426–7.)

At the first reading of Articles 2379, 2380 and 2381, Hart.

Dig., it might seem that the law makers intended to set up a criterion by which all subjects which could be itemized in an account, should be considered with reference to specific dates of items ; and that any item being over a certain age had become defunct thereby.

A careful reading of the whole Statute will not justify such conclusions.

Th legislator who framed the law must be understood as meaning what he says. It would be exceedingly unwise to seek after a meaning which goes beyond the evident intent of the Act.

In those Articles the Legislature speaks of "store goods," "any account for goods, wares, or merchandize." They were evidently inculcating the principle that among merchants and their customers, "short settlements make long friends."

From the best reading of the Statute I have been able to give, it appears that the Legislature intended to provide for certain classes of cases ; and there are certain others, which they have not provided for, among which is the case now at bar.

From the pleadings and accounts filed, it appears that there were confidential, or trust relations subsisting between the parties, of a mercantile character.

It is true, there is no averment that the parties were merchants ; but it will be observed that the Statute does not confine its operations to merchants.

It is of such "as concern the trade of merchandize," &c.

The case of Costar.v. Murray (5 J. C. R., 522) is analagous, as is also Angel on Limitations, Sec. 194 and 485.

It is respectfully submitted therefore, that the "person" of the defendant was absent for four years before suit brought ; and

That the matters concerned the trade of merchandize, and was a trust relation protected by the exception of the Statute, and so the judgment below was erroneous, and should be reversed.

*H. N. & M. M. Potter*, for defendant in error. The corporation did not go out of the State because of the President and other officers being in Boston. It was created by, and had its domicil in this State, and had no life or vitality any where else.

The President and officers are not the corporation, but only the agents for the transaction of its business, and they are not in any manner liable for the debts of the corporation. The 4th Section of the Act before cited, having provided the mode of serving process on the corporation. The service by leaving a copy of the process at the principal office of the Company, was just as valid and binding, and just as much personal service as though the process had been handed to the President or Secretary of the Company, (Louisville Railroad Company v. Letson, 2 Howard, 497.) In this case the Supreme Court of the United States say, page 558 : "A corporation created by and doing business in a particular State, is to be deemed to all intents and purposes as a person and inhabitant of the same State, for the purposes of its incorporation, capable of being treated as a citizen of that State as much as a natural person ; and in this especially, the manner in which it can sue and be sued, it is substantially, within the meaning of the law, a citizen of the State which created it, and where its business is done, for all the purposes of suing and being sued." In the case of De Cordova v. The City of Galveston, (4 Tex. R. 482,) this Court decided that limitation will bar a claim against a corporation in the same time as against an individual.

There was then no reason why the plaintiffs should not have commenced their suit within two years after the accrual of their pretended cause of action.

Spencer J. in the case of McJim vs. Middletown Man. Co., (16 Johns. 6) says : "If the President of the Bank of another State were to come within this State he would not represent the corporation here ; his functions and his character would not accompany him when he moved beyond the juris-

diction of the Government under whose laws he derived this character. It is not the location of the officer, but the corporation that gives jurisdiction and fixes the residence of the corporation.

Then " every State has the right to provide in what manner service of process shall be made on her citizens, and what the effect of the same shall be, and to declare the effect of a judgment rendered in pursuance of such service. (Phil. on Ev., Cow. and Hill's notes, Vol. 3, p. 910 ; Beech v. Abbott, 6 Vermont Rep. 591 ; Owners of Ground, &c., v. The Mayor, &c., of Albany, 15 Wend., 374 ; Sharp v. Pratt, same 613.)

"The individual proceeded against must in general be notified in some legal form, in order to give the Court or Magistrate jurisdiction over him." (Phil. on Ev. Cow. and Hill's notes, Vol. 3, page 998.) " Personal notice is not always necessary. The Legislature may prescribe what notice shall be sufficient." (Same 999.)

The two cases from Wend. above cited, were on service by publication under the New York laws, and the judgments rendered on such notice was held binding and sufficient.

Texas has provided in what manner service shall be made on railway corporations created by her. One mode of service being by leaving a copy of the process at the office of the Company, which certainly would appear to be reasonable notice. Art, 812 Hart. Dig. provides how judgment shall be entered after process ; Art. 955, the Judges shall see that judgments are executed ; and Art. 1324 provides that the Clerk shall issue execution, &c. Art. 1335 gives a lien from and after the rendition of a final judgment. No distinction is made as to the manner of making service on the parties. The Sheriff must endorse on the process the day when he received it, and execute as directed by the writ. (Art. 679.) The process in this case was executed as directed by the writ.

The service in this case was not by publication, but was

served on the Company, the office representing the Company, under our law, and was personal service. Without statutory provision service on a corporation would have to be made by distring as against its property. The President of the Company could not be attached by capias to compel the appearance of the defendant; he did not owe the debt. (2 Archb. Practice, 98.)

In Maine, service of a writ on a corporation by leaving an attested copy with a clerk of the corporation is good service. (Hinckley v. Blue, Hill Granite Co. 4. Shep. 370.) In South Carolina, leaving a copy of a writ at defendant's residence, he being absent from the State temporarily, is a valid service of the writ. (The Bank v. Simpson, 2 McMullan, 352.) In Louisiana that mode of service pointed out by Statute is good and sufficient to sustain a judgment, whether the service be personal or otherwise. (Hill v. Bowman, 7 Louisiana.) In Mississippi, where the service is not personal, the Statute requires that the writ should be left with a free white member of the family, over sixteen years of age, or in the absence of such at some public place. (Fatheree v. Lang, 6 How. 661.)


ROBERTS, J. This was a suit by plaintiffs in error against defendant in error, on an account which had accrued more than two years before the commencement of the action. Defendant in error pleaded the Statute of Limitations of two years in bar of the suit. The plaintiffs in error, to avoid the effect of this plea, replied that " the President, Treasurer and Secretary of the defendant, each and every one of them absented themselves from the State of Texas, and so continued absent from this State and the jurisdiction of the Court, for the space of four years prior to the commencement of this suit, so that the process of the law could not be served personally on the officers of defendant."

Whether or not these facts bring the case within the excep-

tion of the Statute of Limitations contained in the 22nd Sec. of the Statute, is the question in this case. That reads as follows :  " That if any person against whom there is or shall be cause of action, is or shall be without the limits of this Republic, at the time of the accruing of such action, or at any time during which the same might have been maintained, then the person entitled to such action shall be at liberty to bring the same against such person or persons after his or their return to the Republic.   And the time of such persons' absence shall not be accounted or taken as a part of the time limited by this Act."

The reason why this statement does not bring the case within this exception is, that the absence of the officers of the corporation beyond the limits of the State, is not the absence of the defendant—the corporation itself.

The corporation being created in this State, and carrying on its business in this State, must be treated, when it becomes a litigating party, as a resident of this State, and the absence of its officers does not necessarily carry such ideal person beyond the limits of the State.  (Louisville Railroad Company v. Letson, 2 Howard U. S., 558–9 ; McQueen et al v. Middletown Manufacturing Company, 16 Johns. 6.)

Our Statute of 1853 requires every railroad Company to keep a principal office at some place on the line of the road, and authorized process to be served, either by citing the President or Secretary, or by leaving the writ at such principal office.

While such office is kept open on the road, and the party has full opportunity to obtain service on the Company, it cannot be truly averred that the corporation is beyond the limits of the State.   Actual service of process on the corporation, as upon an ordinary person, is impossible ; and the State has provided what shall be a substitute for it ; which it has a perfect right to do.  (Owners, &c. v. Mayor, &c. of Albany, 15 Wend. 376.   Neither mode is personal service on the Compa-

ny ; either one of the modes is as effective as the other, in every respect relating to the validity, force and effect of the judgment that may be rendered.   We are opinion therefore, that the Court below decided correctly in determining, that the Statute of Limitations barred the action, notwithstanding the facts alleged in replication.

Judgment affirmed.