**Rita LOUIS, Appellant,**

v.

**DISCOUNT TIRE COMPANY OF TEXAS, INC., Appellee.**

No. 07–98–0401–CV.

Court of Appeals of Texas, Amarillo.

May 19, 1999.

Bill Cornett, Amarillo, for appellant.

Russell J. Bailey, Hinkle Cox Eaton Cofield & Hensley LLP, Amarillo, for appellee.

Before QUINN, REAVIS, and JOHNSON, JJ.

BRIAN QUINN, Justice.

This appeal involves the application of § 16.063 of the Texas Civil Practice and Remedies Code and the question of whether limitations is tolled under said provision when the registered agent of a corporation leaves the state. Rita Louis (Louis) alleges that absence from the state did toll limitations and avers that the court erred in granting summary judgment to Discount Tire Company of Texas, Inc. (Discount) on the matter. We affirm.

### Factual Background

Louis sued Discount, a corporation licensed to do business in Texas, for negligence. Upon joining issue, Discount moved for summary judgment. The sole ground alleged involved limitations. Specifically, the corporation alleged that the suit was commenced two years and one day after the cause accrued. In response, Louis did not (and does not) dispute that two years and one day lapsed. Rather, she asserted that the applicable two year limitations period was tolled for at least one day, that being a day on which Larry Allen (Discount's registered agent) was absent from the State of Texas.

The trial court granted Discount's motion and rendered summary judgment denying Louis recovery against the corpora-

tion. From that final judgment, Louis appealed.

### Standard of Review

One moving for summary judgment based upon limitations must conclusively establish that limitations expired. *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex.1996). So too must the movant negate the applicability of every tolling provision raised by his opponent. *Id.*

### Application

In an attempt to toll limitations, Louis raised the spectre of § 16.063 of the Texas Civil Practice and Remedies Code. According to that provision, the "absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence." TEX. CIV. PRAC. & REM.CODE ANN. § 16.063 (Vernon 1985). Louis claimed that this tolling statute was applicable to the case at bar because Allen, Discount's registered agent, was outside the state for at least one day before the date Louis filed suit. She concluded that Allen being outside the state effectively rendered Discount outside the state. We reject the proposition.

In *Sherman v. Buffalo Bayou, Brazos, and Colorado R.R. Co.*, 21 Tex. 349 (1858) the Texas Supreme Court was confronted with a situation much like that at bar. Sherman sued Buffalo Bayou to recover a debt, and in response to the defense of limitations, asserted that a predecessor to § 16.063 tolled limitations.[1] Allegedly, the corporate officers were gone, and their absence rendered the corporation absent, according to Sherman. The Supreme Court disagreed: "The corporation being created in this state, and carrying on its

---

1. That provision read:

[t]hat if any person against whom there is or shall be cause of action, is or shall be without the limits of this republic, at the time of the accruing of such action, or at any time during which the same might have been maintained, then the person entitled to such action shall be at liberty to bring the same against such person or persons after his or their return ... [a]nd the time of such persons' absence shall not be accounted or taken as a part of the time limited by this act. *Id.* at 357.

business in this state, must be treated, when it becomes a litigating party, as a resident of this state...." *Id.* at 357. It concluded that "the absence of its officers [did] not necessarily carry ... [the corporation] beyond the limits of the state." *Id.* In effect, the Court recognized in *Sherman* that a corporation is not its officers, and officers are not the corporation. So, that an officer of the corporation sojourned outside Texas did not *ipso facto* render the corporation absent from the state for purposes of the predecessor to our § 16.063.

██ Like the corporate officer in *Sherman,* a corporation's registered agent is not the corporation. Instead, the corporation, as an independent entity, is the actual litigant when sued. *Sherman v. Buffalo Bayou, Brazos, & Colorado R.R. Co.,* 21 Tex. at 357. It follows therefore, that when sued, Discount was the "person against whom [the] cause of action ... [was] maintained" for purposes of § 16.063, not Allen, its registered agent. Thus, Louis's allegation that limitations was tolled by § 16.063 simply because Allen left Texas at one time or another was, and is, meritless.[2]

Accordingly, the summary judgment is affirmed.

---

**2.** We also find Louis's citation to *Vaughn v. Deitz,* 430 S.W.2d 487 (Tex.1968) unpersuasive. *Vaughn* dealt not with a corporation or the application of § 16.063 or any of its predecessors to a corporation. Rather, the defendants in *Vaughn* were actual persons who had physically left Texas. Thus, they satisfied the criteria of the pertinent tolling statute.