R. E. HUFF ET AL. v. J. S. CRAWFORD ET AL.

No. 258.

1. **Case Limited.**

    Hunton v. Nichols, 55 Texas, 217, discussed and limited.................... 373

2. **Limitation in Actions for Real Estate—Absence of Defendant from State.**

    Article 3216, Revised Statutes, prescribing, that the temporary absence of defendant from the State shall not be accounted or taken as a part of the time limited, applies to all suits alike. So held in action for land where defendant was a nonresident, and held the land by a tenant ................... 374

3. **Limitation.**

    Statutes of limitation discussed........................................ 374

4. **Nonresident Limitation.**

    Article 3216, Revised Statutes, does not apply to a nonresident who has not been in the State ............................................. 374

5. **Possession by Agent.**

    We are of opinion, that the possession of land by an agent should be deemed to have the same effect as possession by a tenant................ ........ 374

QUESTION CERTIFIED by Court of Civil Appeals for Second District, in a case appealed from Wichita County.

*R. E. Huff* and *J. A. Templeton,* for appellant.—1. The possession of one cotenant is the possession of the other; and in the case at bar, the possession of R. E. Ruff was the possession of his codefendants, C. F. and S. Y. Collins. Terrell v. Martin, 64 Texas, 124–128; Freem. on Coten. secs. 166, 167; Wood on Lim., pp. 558, 560, sec. 266.

2. Where a defendant in a suit, who is a nonresident of the State, pleads in bar of such suit the statute of limitations, and in support thereof shows that he has had possession of the land in controversy for a period of time necessary to complete such bar by a tenant or through a cotenant, such occupancy is sufficient to avoid the suspension of the statute by reason of the nonresidence of such defendant. Rev. Stats., art. 4790; Hunton v. Nichols, 55 Texas, 217–230.

3. Where, as in the case at bar, a defendant has removed permanently beyond the limits of the State, the running of the statute of limitations is not interrupted or suspended as to such nonresident during the time he so resides without the State; but article 3216 applies only where the defendant against whom it is invoked resides within the State but is temporarily absent therefrom. Rev. Stats., arts. 3203, 3216; Snoddy v. Page, 5 Texas, 105; Love v. Doak, 5 Texas, 343; Moore v. Hendrick, 8 Texas, 253.

*A. H. Carrigan,* for appellee.—The certified question in this case is the construction of article 3216 of the Revised Statutes of Texas, in connection with article 3193; and the precise point in issue is, will the statute of five years' limitation be effectual in behalf of a party who is absent from the State during the time the bar is sought to be maintained after he has possessed the land in controversy by an agent during said absence?

The first contention of appellees is, that article 3216 applies to actions for recovery of real estate, and all other actions in rem as well as in personam. It will be observed, that our statutes of limitations for all kinds of actions are embraced and included in one single title, which is numbered 62. This title is subdivided into three chapters. The first has reference alone to actions for the recovery of land. The second includes the periods of limitation for all personal actions, and also real estate and all other actions in rem. The third chapter contains general provisions, which are exceptions to the statutes of limitations prescribed in chapters 1 and 2. Article 3216 is contained in the third chapter of said title 62, and would evidently refer to all of the articles contained in chapter 1 as well as chapter 2. But we are not left by the Legislature to speculate on just what kind of actions are referred to by said article in question, nor even what articles of said statutes of limitation are to be limited by it; because the supreme power of the State has said in no mistakable language, in the beginning of said article, that "if any person against whom there shall be cause of action," indicating that it has reference to all persons and is not limited to the character of actions; and in the concluding words of said article has said, that "the time of such person's absence shall not be accounted or taken as a part of the time limited by any of the provisions of this title," thus making it doubly sure that said article referred to the time limited in each of the other articles of title 62. The statutes of five years' limitation is contained in said title, and we

contend, that it must follow that article 3216 refers to article 3193. The statute of five years' limitation is the statute under which appellants desire that the time of five years' possession of the land in question shall be accounted and taken in their behalf in order to make effectual the bar as contended for in this case. What then is the essence of their plea of limitation? Obviously, time. What is the very cardinal point in the five years' statute of limitation? Unquestionably, time. Without the full time, there would be no bar. Appellants have been absent from the State the requisite time, and hence under article 3216 they are not entitled to the benefits of the time and of their possession of the land in controversy.

We now refer the court to the decisions of this and other States, where similar statutes to ours were interpreted and held to apply to suits to recover real estate, and actions in rem as well as in personam: Falwell v. Hening, 78 Texas, 278; Lane's case, 6 Kan., 72; Morrill v. Ingles, 23 Kan., 32; Case v. Frazier, 31 Kan., 689; Watterson v. Kirkwood, 17 Kan., 9; Beebe v. Doster, 36 Kan., 666; Railway v. Cook, 43 Kan., 86; 22 Pac. Rep., 1051; Heaton v. Fryburger, 38 Iowa, 185; Lagow v. Neilson, 10 Ind., 183; Arthur v. Screven, 17 S. E. Rep. (S. C.), 640; Bousevman v. Charlott, 46 Kan., 481; Murry v. Baker, 3 Wheat. (U. S.), 541; Wood v. Wildman, 13 Ohio, 430; Wright v. Strauss, 73 Ala., 227; Osborne v. Randall, 7 N. Y., 323.

Having demonstrated, we think beyond doubt, that article 3216 applies to five years' limitation for actions for land, we will next notice the question presented by the appellate court. Our contention is, that Hunton v. Nichols, 55 Texas, 217, is not an interpretation of said article 3216; and in support of this contention, we refer to the previous decisions cited in this argument. And besides, it does not apply, and is no authority on this question; first, because it does not attempt to construe article 3216; second, if it does attempt to construe said article, it is obiter dictum; third, because said case was filed and tried in the court below before the enactment of our Revised Statutes, and was decided by the Commission of Appeals after the enactment of the Revised Statutes, and hence said article could not have been interpreted by said decision, nor could said article have been enacted with reference to the language contained in said decision. If it be conceded that article 3216 is an exception to the five years' limitation, how then can the court create another exception not enumerated in said statute? It is true that appellants had had possession of the land by agent, and the contention of the appellants is, that as they possessed the land in controversy the required length of time by an agent, that their absence from the State during such time is immaterial. It will be observed, in the case of Hunton v. Nichols, supra, that the defendant in that case had possession of the land by a tenant, and in this case tenancy is not contended for, but the facts as certified show the party who held possession was only an agent, and not a tenant. There might be some reason to contend that a tenant's possession would enable

the defendants to evade the exception to the statute, for the reason that tenancy denotes some interest in the land; agency does not. "A tenant is one who holds land by any kind of title." Anderson's Law Dic., p. 1017. But the statute in question makes no exception to an absentee from the State who has a tenant or an agent in the State; and where the Legislature has made no exception to the statutes of limitation, the courts can make none. Bank v. Dalton, 9 How., 522; Amy v. Waterton, 22 Fed. Rep., 418; same case, 13 U. S., 820; Angel on Lim., sec. 485; Snoddy v. Cage, 5 Texas, 110; Willson v. Appleton, 17 Mass., 180; Willson v. Keller, 8 Ark., 509. Mr. Endlich, on Interpretation of Statutes, section 343, says, that statutes of limitation are to be construed strictly. "There may not necessarily be any moral wrong in setting up the defense of lapse of time; but it is the creation of law, and is not to be extended to cases which are not strictly within the enactment, and therefore not to be extended to cases not within their words, though possibly within their reason." And it is a principle well founded in reason and supported by authority, that general words in the statute of limitations must receive a general construction, and if there be no express exceptions, the court can make none. Cooke v. McGinnis, 17 Am. Dec., 809; Butler v. Craig, 61 Am. Dec., 527; Snoddy v. Cage, 5 Texas, 110.

The fact that the defendant maintained his possession by an agent or a tenant would not aid him, because it would be judicial legislation to engraft an exception on article 3216. And for a very exhaustive treatise on this question, we refer the court to the case of Amy v. Waterton, 130 United States, 320, and also to the case of Wright v. Strauss, 73 Alabama, 237.

We now come to a line of decisions to which we invite your especial attention. We cite the Lane case, 6 Kansas, 72. Lane had his usual place of residence in Kansas, which fact would have enabled the plaintiff to have sued him by leaving a copy of the summons at such residence, and such service, under their law, would be constituted the basis of a personal judgment against Lane; but during the five years prior to bringing the action against Lane, he was absent at Washington, he being United States senator from Kansas. In that case it is held, that notwithstanding the fact that during the whole of the time he had a residence in the State, the statute did not run. The decision is based upon the ground, that the statute does not run simply because the statute says so. Also, Morrill v. Ingle, 23 Kansas, 32. In that case, the defendant was absent from the State before the real property sought to be recovered was occupied by the wife and children of defendant as the family homestead for the full statutory period. An action for the recovery of the land might have been maintained at any time; nevertheless it was held, that the action was not barred. Also, in Railway v. Cook, 43 Kansas, 86, it was contended, that the proper person to bring an action against for the recovery of land was the person in actual and notorious possession, and

it was shown that the defendant had been in possession over fifteen years; but inasmuch as part of the time he held only as a tenant while the real owner was absent from the State, it was held, that the statute did not run during such absence. The case of Watterton v. Kirkwood, 17 Kansas, 9, is strongly in point. In addition, we cite Case v. Frazier, 31 Kansas, 689; Beebe v. Doston, 36 Kansas, 66.

In Heaton v. Fryburger, 38 Iowa, 197, it was held, that "in an action for the recovery of real property the plaintiff may recover the damages occasioned by the detention. It is evident that in many cases full damages could not be recovered of the tenant, and that the plaintiff could obtain adequate relief only in an action against the person claiming the adverse title. Hence, although the action may be brought against the tenant, the plaintiff should not be compelled to do so, in case the real defendant is a nonresident. The case of Lagow v. Neilson, 10 Indiana, 183, is a similar case to the Iowa one, and enunciates the same principle; and in both of them it is held, that although the party who claims the land is absent from the State, and has a tenant in possession, the fact of the tenancy will not cause the statute of limitation to be effectual. Willson v. Appleton, 17 Massachusetts, 179, is a case where the plaintiff sued in assumpsit; the defendants pleaded the statute of limitation. The plaintiff replied, that at the time the cause of action accrued defendant was beyond the sea; the defendant rejoined, that within six years after making the supposed promises sued upon, and ever since, the plaintiff had had an agent in the commonwealth authorized to demand and receive his supposed debt; to this rejoinder the plaintiff demurred. The court said: "As to the period in the rejoinder that the plaintiff had an agent in the commonwealth during his absence, this might be a reasonable exception to the saving, if the Legislature had seen fit to introduce it. But such a case not having been provided for, it is not for the court to legislate on the subject." The case of Willson v. Keller, 8 Arkansas, 509, was identical with the case of Willson v. Appleton, supra, and the Supreme Court of Arkansas held to the same doctrine enunciated by the Supreme Court of Massachusetts.

GAINES, CHIEF JUSTICE.—The Court of Civil Appeals for the Second Supreme Judicial District have certified to us for our determination the following question:

"G. F. and S. Y. Collins are among the defendants in this action of trespass to try title. They plead the statute of limitations for four years. They claim the land, on account of which the plea is entered, under a deed duly recorded for more than five years prior to the institution of the suit, paying taxes as prescribed by the statute. The land has been in actual possession under this deed and claim for the requisite time. The possession has, however, been held for them, in their name, and for their use and enjoyment, by an agent. During the

time necessary to complete the bar, the defendants named have been absent from the State, and residents of another State.

"Question: Do the provisions of article 3216, Revised Statutes, preclude these defendants, under the foregoing facts, from interposing the defense stated?

"It is contended, that the opinion in the case of Hunton v. Nichols, 55 Texas, 217, is not to be regarded as an interpretation of this article; or if so, that the announcement therein made of this question is obiter dictum."

The case referred to contains the only decision of this court which bears directly upon the question. The report is so defective that it is impossible to determine from it with any degree of satisfaction the precise point which was decided. By referring, however, to the original transcript and briefs among the records of this court, we find that the question was presented, though, as we have concluded, it was not involved in the decision of the case. The appellants in that case had sued in trespass to try title to recover of appellees certain real estate in the city of Austin. Brush, one of the defendants below, pleaded, among other defenses, the statute of limitations; and introduced evidence tending to show his possession of the property for the requisite period. The plaintiffs replied, that during the time of his occupancy he was absent from the State. In their brief as appellants they made the point, that on account of Brush's absence the statute did not run in his favor. The point was not noticed in the briefs of appellee. The evidence was to the effect, that Brush held possession by tenants, but that during a great part of the time he had a residence in Brooklyn, in the State of New York; that he resided there during five or six months of each year; and that during the other months he resided in Austin. If the statute of limitations did not run in Brush's favor during any portion of the time that he was in possession of the property, the burden was upon the plaintiffs to show it. When the case was decided, it was the settled law of the State that the provision of the statute of limitations in regard to absent defendants did not apply to persons who were nonresidents of the State at the time the cause of action accrued. Lynch v. Ortlieb, 87 Texas, 590. The plaintiffs had failed to show that Brush was a resident of the State, or that he was within the State at the time he took possession by his tenants of the property in suit; hence, in our opinion, the question whether the provision of the statute in question applied to actions for the recovery of real property was not involved in that case. If Brush was a nonresident and absent from the State at the time the cause of action accrued against him, his absence was not to be accounted against him. Therefore we think, that if the court intended in that case to hold that the provision did not apply to suits for real estate, the holding is not binding as an authority.

We therefore regard the question of the applicability of article 3216 of the Revised Statutes to actions for the recovery of real estate as an

open one in this court, and are of opinion that it applies to all suits alike.    That article is but a re-enactment of section 22 of the "Act of Limitations," approved February 5, 1841.  Pasch. Dig., art. 23.  That act was an adaptation of the statute of 21 James I., upon which it is evidently modeled.  See Wood on Limitations, 631.   The corresponding provision of the statute of James is, by its express terms, made applicable to certain personal actions only; and it is significant, that the words by which its operation is limited are omitted from section 22 of the Act of 1841.  The periods within which actions for the recovery of real estate, as well as actions of a personal nature, were prescribed in the previous sections of that act, and its place would indicate that it was to apply to every case for which a limitation had been provided. Title 62 of the Revised Statutes is a reproduction in substance of the main features of the Act of 1841.    It is divided into three chapters, the first of which is entitled "Limitation of Actions for Land;" the second is devoted to limitations of personal actions; and the third is entitled, "General Provisions," some of which are necessarily applicable to both classes.    There is nothing in the terms of the article in question which indicates that it was to be limited in its application, and the fact that it is inserted in the general provisions indicates that it was to apply as well to the actions specified in the first chapter as to those designated in the second.    There may be reasons why suits for the recovery of land should be excepted from the operation of the article, but there are none which are sufficiently cogent to induce us to believe that the Legislature did not intend what by its language it has so clearly expressed.

Similar provisions, couched in the same general terms, have been held to apply to suits for the recovery of lands by the courts of other States.   Railway v. Cook, 43 Kan., 83; Morrell v. Ingle, 23 Kan., 32; Heaton v. Fryberger, 38 Iowa, 185; Lagow v. Neilson, 10 Ind., 183; Wright v. Strauss, 73 Ala., 227.   We have been cited to no contrary ruling, nor have we found any.

Such is our construction of article 3216.   But the question does not advise us whether or not the defendants named were residents of the State or within the State at the time the adverse possession was taken by their agent.   We therefore can not give an explicit answer.   If not, then the statute ran in their favor until their return to the State, if they ever returned.   If they were within the State at that time, then during their absence the running of the statute was suspended.   We are of opinion, that the possession by an agent should be deemed to have the same effect as possession by a tenant.

Delivered March 18, 1895.

### ADDENDUM.

GAINES, CHIEF JUSTICE.—Since the opinion in this case was filed and certified to the Court of Civil Appeals, our attention has been

called to certain language which, to say the least of it, is calculated to mislead. It is said in the opinion: "But the question does not advise us whether or not the defendants named were residents of the State or within the State at the time the adverse possession was taken by their agent. * * * If not, then the statute ran in their favor until their return to the State, if they ever returned." This probably admits of the construction, that if the defendants, though residents of the State, were absent at the time possession was taken, the statute would run in their favor, notwithstanding such absence. Such a construction would be in the very teeth of the statute, and we did not intend to so hold.

It is ordered, that this be published as an addendum to the opinion referred to, and that it be published therewith.

Delivered June 20, 1895.