## C. R. HART V. M. B. WINSETT ET AL.

No. 8057. Decided May 26, 1943.
Rehearing overruled June 23, 1943.
(171 S. W., 2d Series, 853.)

*T. H. Yarbrough* and *Boyd Barjenbruch,* both of Bowie, for petitioner.

It being shown that purchaser had actual and constructive notice that the note was not paid, it was error for the Court of Civil Appeals not to so hold and in failing to render judgment for a foreclosure of the vendor lien, when the same was not barred by reason of Article 5537. Brown v. Cates, 87 S. W. 1149; Huselby v. Allison, 25 S. W. (2d) 1108; Hopper v. Tancil, 3 S. W. (2d) 67.

*Donald & Donald* and *Joe H. Cleveland,* all of Bowie, for respondents.

In the purchase of land, vendees were entitled to rely upon the conclusive presumption established by the plain verbage of Article 5552, dealing with liens, and that in view of said statute he had a right to purchase the land in controversy and only had to look to the maturity date as disclosed by the record. Gordon v. Harmonan, 234 S. W. 572; Wilkinson v. First Natl. Bank, 13 S. W. (2d) 346; Texas Land & Mort. Co. v. Cohen, 159 S. W. (2d) 859.

*Wagstaff, Harwell, Douthit & Alvis* of Abilene, filed briefs as amicus curiae.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

M. B. Winsett and wife brought this suit against C. R. Hart to try title to a tract of land. Hart impleaded T. B. King and wife, Blanche King, and sought foreclosure of vendor's lien on the land. A judgment for plaintiffs for the land, and against Hart on his cross-action, was affirmed by the Court of Civil Appeals. 164 S. W. (2d) 783.

The material question to be determined is whether Hart's lien was barred by limitation, and this depends on whether or not limitation was suspended during the debtors' absence from the state.

On June 8, 1927, Hart conveyed the land to Blanche King, who then resided in Texas. A vendor's lien was retained in the deed to secure the payment of a purchase money note due one year thereafter. The deed was timely recorded. In August, 1928, Mrs. King and her husband moved out of the State, and have remained absent therefrom continuously since that date, with the exception of a few short periods amounting in all to only a few months. On December 14, 1939, Blanche King and her husband, who then resided in New Mexico, after some correspondence with Winsett, conveyed the land to Winsett for a cash consideration. On the 21st day of December, 1939, Winsett brought this suit for the land, and on the 20th day of January, 1940, Hart reconvened, seeking foreclosure of his lien.

Revised Statutes Article 5520, as amended in 1931, reads in part as follows:

"Art. 5520. There shall be commenced and prosecuted within four (4) years after the cause of action shall have accrued and not afterward, except as herein provided, all actions of the following description:

"1. Actions to recover real estate by virtue of a superior title retained by the vendor in a deed of conveyance or purchase money note.

"2. Actions for the foreclosure of vendor's liens on real estate.

"3. Actions to foreclose deed of trust or mortgage liens on real estate.

"Provided, however, that where a series of notes may be given or any note may be made payable in installments, or if any.

other instrument is executed which creates an obligation on the Vendee or Grantee of real estate to pay for the same in installments or partial payments, limitation shall not begin to run until the maturity date of said last note or installment. Upon the expiration of four (4) years from and after the date of maturity of the last said note or installment, payment shall be conclusively presumed to have been made of each said note and installment, and the lien for the security of same shall cease to exist, unless the same is extended by an agreement in writing by the party or parties primarily liable for the payment of the indebtedness, as provided by law."

Revised Statutes Article 5537 reads as follows:

"Art. 5537. If any person against whom there shall be cause of action shall be without the limits of this State at the time of the accruing of such action, or at any time during which the same might have been maintained, the person entitled to such action shall be at liberty to bring the same against such person after his return to the State and the time of such person's absence shall not be accounted or taken as a part of the time limited by any provision of this title."

It is the contention of petitioner that limitation on his action to foreclose his lien on the land was interrupted during the absence of the debtors from the State. On the other hand, it is the contention of respondents that Article 5537, which suspends the running of limitation during the absence of the debtor from the State, now has no application to actions to foreclose liens on land and that regardless of extraneous circumstances, all debts secured by lien on land are conclusively presumed to have been paid after the expiration of four years from the maturity of the last maturing installment.

It will be noted that Article 5520 provides that all actions for foreclosure of liens on land shall be commenced within four years after the cause of action shall have accrued, and that payment of all vendor's lien notes shall be conclusively presumed to have been made, and all liens on land shall cease to exist, after four years from the date of the last maturing note. But Article 5537 provides that the time during which the debtor absents himself from the State shall not be included in determining whether or not a cause of action is barred by limitation. The provisions of these statutes—Article 5537 suspending limitation during the absence of the defendants from the State, and Article 5520 declaring that all purchase money and mortgage lien notes on land shall be conclusively presumed to have been

paid after four years from their maturity—were both embodied in our statutes when they were recodified in 1925. See Revised Statutes Article 5520 and 5537. Consequently they must be read together and harmonized as one Act if possible. Long prior to the recodification of our statutes in 1925 it had been held by this Court that the provisions of Article 5537 which interrupt the running of limitation during the absence of the defendant from the State applied alike to actions to foreclose liens on land as well as personal actions. Huff v. Crawford, 88 Texas 368, 31 S. W. 614, 53 Am. St. Rep. 763; Folwell v. Henning, 78 Texas 278, 14 S. W. 613; Wilson v. Daggett, 88 Texas 375, 31 S. W. 618, 53 Am. St. Rep. 766. The Legislature knew this when it readopted Article 5537, and is presumed to have readopted it with the same construction. Unless there is something in Article 5520 that necessarily conflicts therewith, we must give Article 5537 the same construction that had theretofore been given it by the courts of this State.

■ We are of the opinion that there is no irreconcilable conflict between the two Articles. Under the provisions of Article 5520, where limitation runs, the action to foreclose a lien on land is barred, and the lien ceases to exist after four years from the maturity of the debt, but under the provisions of Article 5537 limitation does not run and Article 5520 is not applicable while the defendant absents himself from the State. When these two statutes are so construed they work in perfect harmony. On the other hand, if we were to hold, as contended for by respondents, that regardless of circumstances all actions to foreclose liens on land are barred by limitation after the expiration of four years from maturity of the debt, we would not only have to materially limit the broad provisions of Article 5537 suspending the statutes of limitation during the absence of the defendant from the State, but we would have to strike down or materially limit other statutes which interrupt the running of limitation. For example, Article 5535 provides that if any party having a right to a personal action, such as a debt, be a minor, a married woman, a person imprisoned, or of unsound mind at the time the cause of action accrues, limitation shall not run during the time of such disability. Article 5518 provides that limitation shall not bar an action to recover real estate until the lapse of twenty-five years after the cause of action accrues, if the plaintiff is a minor or married woman or is in the military service or is imprisoned. Article 5538 provides that in case of the death of any person against whom or in whose favor there may be a cause of action, limitation shall cease to run against such action for a period of twelve months after such death unless an

administration or executor of the deceased person's estate shall sooner qualify. If we were to here hold that the provisions of Article 5520 controlled in all cases, regardless of circumstances, we would have to strike down and render useless at least in part the provisions of the above statutes, to the effect that limitation does not run against the parties therein named. Under such a construction, as said by the court in Amonette v. Taylor, 244 S. W. (2d) 238 (writ refused), if the holder of a debt secured by a lien on land should become insane, or if he should die leaving a minor child without a guardian, the minor would lose the right to recover if four years elapsed after maturity of the indebtedness before suit was brought. In the absence of clearer language to that effect we cannot ascribe to the Legislature the intention to work such far-reaching consequences.

The evidence shows that the debtor was in the state at the time the cause of action accrued, and that she left the state thereafter and had not been within the State as much as four years at the time Hart sued to foreclose his lien on the land. Consequently Hart's cause of action was not barred by limitation.

It is not material whether the debtor left the State with the intention of remaining permanently, or whether she intended to return. Article 5537 is applicable in either event. Ayres v. Henderson, 9 Texas 539; 28 Tex. Jur. 232. It should also be noted that we are not here dealing with a state of facts in which a third party (Winsett in this case) who resided within the State had held possessory rights in the land for a period long enough to enable him to assert limitation in his own right at the time the suit was filed. Winsett had bought the property only a few weeks prior to the time Hart sought to foreclose his lien.

Our holding herein is not in conflict with the holding of this Court in Yates v. Darby, 133 Texas 593, 131 S. W. (2d) 95. The Court was there dealing with the right of the holder of an expressed vendor's lien, (and consequently the holder of the superior legal title) to exercise his right to rescind the sale and repossess the property as against the right of a subsequent lienholder under the vendee. The Court held that the right to rescind was barred upon the expiration of four years after maturity of the indebtedness. In that case there was no contention that the running of limitation had been interrupted by reason of the absence of the defendant from the State, as provided for in Article 5537.

Our holding on the question discussed requires that the judgments of the trial court and the Court of Civil Appeals be

reversed. We would here render judgment for Hart, foreclosing his lien on the land, but for the fact that in addition to seeking a foreclosure of his lien he sought to have his deed to Mrs. King construed so as to make it cover only fifty acres instead of fifty-nine acres, as contended for by the plaintiffs. This issue was not decided by the trial court, and consequently the case must be remanded for a new trial.

The judgments of the trial court and the Court of Civil Appeals are reversed, and the cause is remanded to the trial court for a new trial not inconsistent with the views herein expressed.

Opinion delivered May 26, 1943.

Rehearing overruled June 23, 1943.