35 So.2d 344

## PETERS v. TUELL DAIRY CO. et al.

### 8 Div. 409.

Supreme Court of Alabama.
April 29, 1948.

Rehearing Denied May 20, 1948.

London & Yancey, Geo. W. Yancey, and Frank E. Lankford, all of Birmingham, for appellees.

Wm. C. Rayburn, of Guntersville, and Thos. L. Slappey of Atlanta, Ga., for appellant.

STAKELY, Justice.

This is a suit instituted on August 28, 1946, by Joe Peters against James M. Tuell, George E. Sloan and Hattie May Sloan, individually and as partners doing business under the firm name of Tuell Dairy Company. The purpose of the action is to recover damages alleged to have been suffered by the plaintiff in connection with a collision between the milk truck of the defendants and the moving van of the plaintiff on December 24, 1943. The collision took place on a public highway in Marshall County, Alabama. The defendants reside in Tennessee.

Service was had on the defendants under § 199, Title 7, Code of 1940, which in effect provides for service on the secretary of state when a motor vehicle owned by a non-resident is being operated on the public highway of this state by the owner or his agent. The defendants among other things pleaded the statute of limitations of one year. Upon trial of the cause the court gave the affirmative charge for the defendants resulting in a verdict and judgment for the defendants.

Since the defendants are non-residents of the state the question in the case is whether the statute of limitations is tolled under the provisions of § 34, Title 7, Code of 1940, which is as follows:

"When any person is absent from the state during the period within which a suit might have been brought against him, the time of such absence must not be computed as a portion of the time necessary to create a bar under this chapter."

In the case of Huss v. Central Railroad and Banking Co., 66 Ala. 472, this court in dealing with this statute, speaking through Brickell, C. J., said:

" * * * It is absence from the State—a state of being without its jurisdiction—not the domicile or residence of the party subject to suit, that forms the matter of this exception. * * *

" * * * The true test of the running of the statute of limitations, is the liability of the party invoking its bar to the service of process during the whole of the period prescribed. If there is the continuous liability, the residence or domicile of the party is immaterial. * * * "

Statutes of limitations are statutes of repose. Hudson v. Moore, 239 Ala. 130, 194 So. 147. "Their remedial provisions are not to be construed narrowly. They rest on the presumption that meritorious claims will not be allowed to slumber until human testimony is lost or human memory fails." Howell & Graves v. Curry, 242 Ala. 122, 5 So.2d 105, 109; Martin v. Tally, 72 Ala. 23.

It is obvious that at all times from the date of the accident service could be secured on the defendants under the provisions of § 199, Title 7, Code of 1940. See Ray v. Richardson, Ala., 36 So.2d 89;[1] Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 73 L.Ed. 446, 57 A.L.R. 1230. Accordingly non-residence of the defendants in no way prevented suit against or service upon them. So the reason which lies back of § 34, Title 7, Code of 1940, does not here apply. This statute is designed to protect the plaintiff in those cases where it is not practicable for him to enforce his rights because of the absence of the defendant from the state.

A literal application of this statute to the present situation would allow a suit to be instituted against a non-resident at any time before the total period the non-resident had been within the state amounted to one year. § 199, Title 7, Code of 1940, relates only to actions for negligence of a non-resident or his agent in the operation of a motor vehicle upon the public highways of this state. If § 34, Title 7, Code of 1940, is applied to that situation it would give plaintiffs in such cases a much more extended right than is given to plaintiffs in other actions. We do not think the legislature intended such result. It is a sound rule of statutory construction that a statute is to be taken in reference to its subject matter and the object to be accomplished by the act in its relation to other statutes. Abramson v. Hard, 229 Ala. 2, 155 So. 590. While

602

the question is novel in this state, the views here expressed are in accord with what appears to be the weight of authority. Arrowood v. McMinn County, 173 Tenn. 562, 121 S.W.2d 566, 119 A.L.R. 855; 94 A.L.R. 486.

We conclude that the court acted correctly in holding the action barred by the statute of limitations of one year.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.