MARIE CELLURA, Appellant, *v.* JOSEPH CELLURA et al.,
Respondents.

Fourth Department, October 21, 1965.

*Miserendino, Krull & Foley* (*Samuel R. Miserendino* of counsel), for appellant.

*Tesseyman, Hartman & Bentley* (*F. William Tesseyman* of counsel), for respondents.

BASTOW, J. Plaintiff was injured while riding in a vehicle owned by defendant, Joseph Cellura and operated by defendant, Gloria Cellura. The accident happened in the State of Texas. Plaintiff was then a resident of California but subsequently became a resident of this State. The owner of the automobile was a resident of this State and there is no proof that he was ever physically present in Texas. The codefendant (the opera-

tor of the vehicle) also was a resident of this State, departed from Texas shortly after the accident and has not returned.

This action was commenced a few days before the New York statutory period (three years) expired. The statute of Texas, however, provided for a two-year period of limitation. The issue presented is whether or not the absence of the defendant owner from the foreign State and the departure of the defendant driver therefrom tolled the statute so that the two-year period did not apply.

Inasmuch as plaintiff was not a resident of this State at the time the cause of action accrued she may not take advantage of the longer statutory period of this State provided for by the exception stated in CPLR 202. (Cf. *Public Administrator of N. Y. County* v. *Curtiss-Wright Corp.*, 224 F. Supp. 236, 239–240.) Therefore, pursuant to the further provision of CPLR 202 we must '' borrow '' the Texas statute and apply the limitation period of that State. '' In cases where the New York courts seek to apply in this state the statute of limitations of a foreign state, they will apply the statute as a whole. The test is whether the cause of action, if brought in the foreign jurisdiction, would be there barred.'' (2 Carmody-Wait, New York Practice, p. 190.)

The Texas Statute of Limitation (Vernon's Civ. Stat., art. 5526) contains a further provision (*ibid.*, art. 5537) that absence from the State suspends the running of the period of limitation. In addition the foreign statute (*ibid.*, art. 2039a) provides a method for substituted service of process in a civil action upon a nonresident who has accepted the benefits extended to one operating a motor vehicle therein.

The application of the statutes and the decisional law of Texas produces varying results when applied herein to each defendant. It is well established by that decisional law that article 5537 suspending the running of the limitation period during absence from the State has no application to a nonresident not shown to be present therein at the time of the occurrence or transaction. (*Simonds* v. *Stanolind Oil & Gas Co.*, 134 Tex. 332 and cases therein cited.) It follows that the complaint as to the defendant owner was properly dismissed as he was never present in the foreign State and, as to him, the statute could not be tolled by reason of his absence.

A different problem is presented as to the defendant operator, who was present in Texas and departed therefrom. Under decisional law of that State the tolling statute '' does apply to nonresidents who were present in the state at the time the cause of action accrued or had its inception and who later leave the

state." (*Wise* v. *Anderson*, 163 Tex. 608, 611; Ann. 17 ALR 2d 502, 515, 516 and cases therein cited.)

It is recognized, however, as this respondent contends, that "Where provision is made by statute for substituted service of process upon a state official in cases arising out of motor accidents within the state, the majority of the courts have held that such a provision has the effect of nullifying any statute suspending the period of limitations." (Ann. 17 ALR 2d 516.) It does not appear that the courts of Texas have passed upon this precise issue.

But the tolling statute of that State has been considered in a substantial number of decisions where there existed methods of substituted service in other types of actions. The earlier decisions are collected and discussed in *Gibson* v. *Nadel* (164 F. 2d 970) where it was held that article 5537 tolling the statute was not rendered inapplicable because service might have been obtained by attachment and substituted service. It was there written (pp. 971–972): "In Huff v. Crawford [88 Tex. 368], appellants contended that as they had possessed the land in controversy the required length of time by tenant, their absence from the state was immaterial. The Supreme Court in effect approved appellees' reply. 'But the statute in question makes no exception to an absentee from the state who has a tenant or an agent in the state and where the legislature has made no exception to the statutes of limitation, the court can make none'. And in Wilson & Co. v. Daggett, 88 Tex. 375, 31 S. W. 618, 53 Am St. Rep. 766, the holding was vigorously reaffirmed against an attack upon it. Appellees cite no cases to the contrary from Texas; there are none."

We conclude that the courts of this foreign jurisdiction have strictly construed the tolling statute and have refused consistently to suspend the provisions thereof although an alternative method of service was available. It follows that the Statute of Limitations has been tolled as to the defendant driver and the availability of substituted service did not suspend the statute. The complaint should not have been dismissed as to this defendant.

The judgment and order should be modified by reversing that part which dismissed the complaint and granted summary judgment to defendant, Gloria Cellura, and denying the motion to dismiss as to Gloria Cellura and, as modified, affirmed, without costs of this appeal to any party.

WILLIAMS, P. J., GOLDMAN, HENRY and DEL VECCHIO, JJ., concur.

Judgment and order unanimously modified by reversing that part which dismissed the complaint and granted summary judgment to defendant, Gloria Cellura, and by denying the motion to dismiss as to Gloria Cellura, and as modified, judgment and order affirmed, without costs of this appeal to any party.