**John D. DEITZ and Ann G. Deitz,
Appellants,**

**v.**

**Virgil A. VAUGHN and Robbie D. Vaughn,
Appellees.**

**No. 4668.**

Court of Civil Appeals of Texas.

Waco.

Dec. 28, 1967.

Rehearing Denied Jan. 18, 1968.

Baker, Jordan & Foreman, William Carl Block, Dallas, for appellants.

Touchstone, Bernays & Johnston, Wade Smith, Dallas, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs from a judgment sustaining defendants' plea of limitation, and dismissing plaintiffs' suit.

Plaintiffs Deitz sued defendants Vaughn on January 18, 1966 for damages arising out of an automobile collision which occurred on January 11, 1964. Defendants filed a "Plea of Limitations and Motion to Dismiss" contending plaintiffs' cause of action had expired prior to the filing of plaintiffs' suit. Thereafter, plaintiffs filed supplemental pleadings setting forth that defendants had absented themselves from the State of Texas so as to suspend the running of the Statute of Limitations.

The trial court, after hearing, sustained defendants' plea of limitations and dismissed plaintiffs' suit with prejudice.

Plaintiffs appeal, contending the trial court erred in dismissing their suit based on the 2 year Statute of Limitations, because defendants had absented themselves from the State, thereby tolling the statute of limitations, and therefore plaintiffs' suit was not barred by the statute of limitations.

The collision made the basis of suit occurred on January 11, 1964. Plaintiffs Deitz filed the instant case against defendants Vaughn on January 18, 1966, some 7 days after the expiration of 2 years after the collision.

Both plaintiffs Deitz and defendants Vaughn were residents of Texas on January 11, 1964. In June, 1964 the defendants left Texas and took up permanent residence in Florida, where such permanent residence has remained.

Article 5526 Vernon's Ann.Tex.St. provides that actions for injury to the person or property of another shall be commenced "within two years after the cause of action shall have accrued and not afterward."

Article 5537 V.A.T.S. provides that absence of the defendant from the state "shall not be accounted or taken as a part of the time" of the limitations period.

Defendants contend that Article 2039a V.A.T.S., which provides that non-residents, or residents at the time of the accrual of a cause of action, but who subsequently remove, appoint the Chairman of the State Highway Commission as their agent for service of process, for actions growing out of a motor vehicle collision, has nullified the tolling of limitations as provided by Article 5537 V.A.T.S.

Thus the sole question presented is whether, in an action for damages growing out of an automobile collision on a highway in Texas, the Statute of Limitations is tolled by the absence from Texas of a defendant who was a resident at the time of

the accident, but who subsequently removes from the State, when the plaintiffs could have proceeded under Article 2039a V.A.T.S., which makes the State Highway Department Commission Chairman, the agent of such person for service of process.

In some states the rule is that where provision is made by statute for substituted service of process upon a State official in cases arising out of motor accidents within the State, that such a provision has the effect of nullifying any statute which suspends the period of limitations. 17 A.L.R. 2d 516; 34 Am.Jur., p. 178. But this is not the rule in Texas.

Our Supreme Court, in Wise v. Anderson, 163 Tex. 608, 359 S.W.2d 876 held "Art. 5537, V.A.C.S., provides that absence of the defendant from the state 'shall not be accounted or taken as a part of time' of the limitation period. * * * While it has been held that the above article has no application, as a general rule, to nonresidents, * * *, *it does apply to nonresidents who were present in the state at the time the cause of action accrued or had its inception and who later leave the state.* Gibson v. Nadel, 164 F.2d 970 (5th Cir.1947)."

The foregoing is applicable to the situation here. The collision and cause of action occurred on January 11, 1964. At that time defendants were residents and present in the State of Texas. Subsequently, in June, 1964, the defendants left the State of Texas and moved to Florida and became nonresidents of Texas.

The 2 year Statute of Limitations, Article 5526, V.A.T.S., was thus tolled by Article 5537, V.A.T.S. in the case at bar, and the fact that Article 2039a, V.A.T.S. gave plaintiffs a way to effectuate service of process on defendants, did not negate the operation of Article 5537.

Plaintiffs' contention is sustained; the judgment is reversed; and the cause remanded for trial on its merits.

Reversed and remanded.