Virgil A. VAUGHN et ux., Petitioners,

v.

John D. DEITZ et ux., Respondents.

No. B–738.

Supreme Court of Texas.

June 26, 1968.

Rehearing Denied July 24, 1968.

Touchstone, Bernays & Johnston, Charles Beresford and Wade C. Smith, Dallas, for petitioners.

Baker, Jordan & Foreman, William Carl Block and Joe Boudreaux, Dallas, for respondents.

WALKER, Justice.

The question to be decided here is whether Article 5537,[1] which suspends the statute of limitations while the defendant is "without the limits of this State," applies in a case where substituted service of process is available under the provisions of Article 2039a. We hold that it does.

There is no dispute as to any of the material facts. Suit was instituted by John Deitz and wife against Virgil A. Vaughn and wife to recover damages arising out of an automobile collision. The collision occurred on January 11, 1964, and the suit was filed on January 18, 1966. Both plaintiffs and defendants were residents of Texas at the time of the accident. The defendants left Texas and established their permanent residence in Florida in June, 1964. Except for brief visits, they remained absent from Texas continuously thereafter. Service of citation was made by leaving certified copies with the Chairman of the State Highway Commission as provided in Article 2039a.

Defendants moved to dismiss the cause on the ground that the suit is barred by the two-year statute of limitations. Their motion was granted by the trial court, and the cause was dismissed with prejudice. The Court of Civil Appeals concluded that the running of the statute of limitations was suspended during the period of defendants' absence from the state. It accordingly reversed the judgment of the district court and remanded the cause for trial. 423 S.W. 2d 113.

Article 5537 provides as follows:

"If any person against whom there shall be cause of action shall be without the limits of this State at the time of the accruing of such action, or at any time during which the same might have been maintained, the person entitled to such action shall be at liberty to bring the same against such person after his return to the State and the time of such person's absence shall not be accounted or taken as a part of the time limited by any provision of this title."

Defendants argue that this statute is not applicable here. They emphasize the hardship that might be caused by permitting a plaintiff to defer service of process indefinitely when a means of service is continuously available. They also point out that there is no reason for tolling the statute of

---

1. All statutes are referred to by the article number under which they appear in Vernon's Annotated Texas Civil Statutes.

limitations when a non-resident defendant is subject to the in personam jurisdiction of the Texas courts by virtue of Article 2039a. It is their contention that such a defendant is not "without the limits of this State" within the meaning of Article 5537.

These arguments have persuaded a number of courts to hold that a statute suspending the period of limitations is not applicable in cases arising out of automobile accidents occurring in the state where there is a statute providing for substituted service of process upon a state official. This is the majority view. See Peters v. Tuell Dairy Co., 250 Ala. 600, 35 So.2d 344; Coombs v. Darling, 116 Conn. 643, 166 A. 70; Hurwitch v. Adams, 52 Del. 247, 155 A.2d 591; Nelson v. Richardson, 295 Ill.App. 504, 15 N.E.2d 17; Kokenge v. Holthaus, 243 Iowa 571, 52 N.W.2d 711; Hammel v. Bettison, 362 Mich. 396, 107 N.W.2d 887; Cal-Farm Ins. Co. v. Oliver, 78 Nev. 479, 375 P.2d 857; Bolduc v. Richards, 101 N.H. 303, 142 A.2d 156; Whittington v. Davis, 221 Or. 209, 350 P.2d 913; Arrowood v. McMinn County, 173 Tenn. 562, 121 S.W.2d 566; Snyder v. Clune, 15 Utah 2d 254, 390 P.2d 915; Smith v. Forty Million, Inc., 64 Wash.2d 912, 395 P.2d 201; Annotation, 17 A.L.R.2d 502, 516. Other courts hold that the suspension statute must be applied in accordance with its terms. Staten v. Weiss, 78 Idaho 616, 308 P.2d 1021; Gotheiner v. Lenihan, 20 N.J.Misc. 119, 25 A. 2d 430; Couts v. Rose, 152 Ohio St. 458, 90 N.E.2d 139; Bode v. Flynn, 213 Wis. 509, 252 N.W. 284.

The precise question has not been decided in Texas, but at least two courts have concluded from our treatment of related problems that Article 5537 applies even in cases where an alternative method of personal service is available. Gibson v. Nadel, 5th Cir., 164 F.2d 970; Cellura v. Cellura, 24 A.D.2d 59, 263 N.Y.S.2d 843. We agree. Huff v. Crawford, 88 Tex. 368, 30 S.W. 546, 31 S.W. 614, was an action in trespass to try title, and the nonresident defendants, who held possession through an agent, claimed title by limitations. In holding

that the suspension statute applied to actions for the recovery of land, the Court said:

"There is nothing in the terms of the article in question which indicates that it was to be limited in its application, and the fact that it is inserted in the general provisions indicates that it was to apply as well to the actions specified in the first chapter as to those designated in the second. There may be reason why suits for the recovery of land should be excepted from the operation of the statute, but there are none which are sufficiently cogent to induce us to believe that the legislature did not intend what, by its language, it has so clearly expressed."

Our opinion in Wilson v. Daggett, 88 Tex. 375, 31 S.W. 618, makes it even clearer that the plaintiff may rely upon the suspension statute even though the absence of the defendant did not deprive him of an opportunity to litigate his claim in the Texas courts. The defendants there were nonresidents who had been in the state temporarily on business before possession of the land was taken by their tenant. One of them was also in the state at different times after the tenant went into possession. It was held that the suspension statute did not apply to such defendants, who had never resided in Texas and were not in the state when possession of the land was taken, but the Court went on to say:

"It may be that the statute should not be suspended as to one who, being a resident of the state, takes possession of a tract of land, or one who, not being a resident, occupies in person the disputed premises, and then leaves the state, continuing his possession through an agent or tenant. * * * There are reasons why absence should not suspend the running of the statute in any suit for the recovery of land. To continue its operation, there must always be some one in possession, and such possessor may be sued at any time. The nonresident himself may be sued by publication, and his

title determined. Arndt v. Griggs, 134 U.S. 316, 10 Sup.Ct. 557, [33 L.Ed. 918]. * * * Nevertheless, we have felt constrained to hold, as has been held in construing like statutes by the courts of other states, that the provision is applicable to real as well as personal actions."

There is, of course, a difference between in personam jurisdiction and in rem jurisdiction. This difference is of considerable importance in cases such as Hart v. Winsett, 141 Tex. 312, 171 S.W.2d 853, where a personal judgment against the defendant is part of the relief to which the plaintiff is entitled. When only the title to land is in issue, however, the plaintiff can obtain in the courts of Texas full relief against a nonresident defendant while the latter is absent from the state. In so far as the applicability of Article 5537 is concerned, it seems to us that there is no material distinction between an action in trespass to try title against a defendant who may be served with nonresident notice and a damage suit against a defendant who may be served under the provisions of Article 2039a.

■ The arguments advanced by the defendants for not applying Article 5537 in this case are indeed persuasive, but they should be addressed to the Legislature. The statute was enacted in substantially its present form in 1841. It purports to deal with a defendant who is "without the limits of this State," and speaks of bringing suit against such person "after his return to the State." This obviously refers to the absence of the defendant from or presence within the territorial limits of the state. There is no irreconcilable conflict between the provisions of Article 5537 and those of Article 2039a, and we find nothing to suggest that the Legislature intended by the latter to effect a pro tanto repeal of the former. We hold that Article 5537 is not rendered inapplicable by the fact that substituted service is available to the plaintiff under Article 2039a.

■ Defendants also argue that Article 5537, when so construed, denies them equal protection of the law. They say that since the enactment of Article 2039a, the nonresident defendant is in the same position as one who resides in the state. We do not agree. Service of process in the state will enable the plaintiff to obtain a personal judgment against a resident defendant, but that is not true in the case of a nonresident defendant who must be served under the provisions of Article 2039a. The plaintiff may not proceed to judgment against the latter by merely serving the Chairman of the State Highway Commission. Notice of such service and a copy of the process must be sent by the Chairman to the defendant by registered mail. It is always necessary then for the plaintiff to ascertain the defendant's address, and distance is one of the factors that may make it more difficult and expensive to obtain that information. Absence from the state is not an unreasonable or arbitrary basis of classification where the statutes of limitation are concerned, and it is our opinion that Article 5537 is valid as written.

The judgment of the Court of Civil Appeals is affirmed.

## DISSENTING OPINION

POPE, Justice.

Article 5537,[1] the tolling statute, provides that limitations cease to run during the time "any person against whom there shall be a cause of action shall be without the limits of this state * * *."

The majority opinion assumes the answer to the problem as is apparent from the way it poses the question at issue: "The question to be decided here is whether Article 5537, which suspends the statute of limitations while the defendant is 'without the limits of this State,' applies in a case where substituted service of process is available under the provisions of Article 2039a."

1. All statutory references are to Vernon's Texas Civil Statutes.

The real question is whether the defendant was *present* in Texas or was *"without the limits of this State."* In my opinion Article 2039a fixed the constructive presence of the defendants in Texas. The statute serves a limited purpose and applies only in cases of motor vehicle accidents or collisions. In pertinent parts it is:

"The acceptance by * * * a person who was a *resident of this State* at the time of the accrual of a cause of action but who subsequently removes therefrom, or the acceptance by his agent * * * of the rights, privileges and benefits extended by law to such persons of operating a motor vehicle * * * within the State of Texas shall be deemed equivalent to an appointment by such nonresident and of his agent * * * of the Chairman of the State Highway Commission of this State, * * * to be his true and lawful attorney and agent upon whom may be served all lawful process in any civil action or proceeding * * * hereafter instituted against said nonresident, his agent, * * * growing out of any accident, or collision in which said nonresident * * * may be involved while operating a motor vehicle * * * within this State, * * * and said acceptance or operation shall be a signification of the agreement of said nonresident, or his agent, * * * that any such process against him or against his agent, * * * served upon said Chairman of the State Highway Commission, * * * shall be of the same legal force and validity as if served personally."

Plaintiff, John Deitz, and his wife had their accident on January 11, 1964. Defendants were then residents of Texas, but a few months after the accident, they permanently moved to Florida. Plaintiffs filed suit against the defendants on January 18, 1966, and obtained service upon the defendants by serving the Chairman of the State Highway Commission as authorized by Article 2039a. Plaintiffs thus obtained jurisdiction over the defendants in an action which could lead to a valid in personam judgment against them. The defendants pleaded the two-year statute of limitations, but the courts below have held that plaintiffs' cause of action was not barred since limitations did not run while the defendants were "without the limits of this State." We have the singular holding that the defendants were present in the State for purposes of process, jurisdiction, and an in personam judgment; while at the same time they were absent from the State and the operation of the statute of limitations was tolled so the defendants can not rely upon the two-year statute of limitations.

Statutes which provide for substitute service create situations of constructive presence so the long-arm of the law can reach persons physically out of a jurisdiction. The validity of such statutes is grounded upon the idea that such defendants are legally present through an agent; hence, are not really absent. We are concerned with reach and jurisdiction. In other words, absence from the State, or being "without the limits of the State," means that a state does not have jurisdiction over the person. Peters v. Tuell Dairy Co., 250 Ala. 600, 35 So.2d 344 (1948). One who in law is present in a state and within the jurisdiction of the state is not absent. Hurwitch v. Adams, 52 Del. 13, 151 A.2d 286, aff'd 52 Del. 247, 155 A.2d 591 (1959); Bolduc v. Richards, 101 N.H. 303, 142 A.2d 156 (1958); Snyder v. Clune, 15 Utah 2d 254, 390 P.2d 915 (1964).

The Texas tolling statute which stops the running of limitations while a defendant is "without the limits of this State" until "his return to the State," is not unique or different from those of other states, almost all of which have held that the presence or absence of a defendant must be solved in terms of jurisdiction over the person. If a defendant is within the jurisdiction of a state for purposes of process and an in personam judgment, he is present, not absent. In Tuell Dairy Co., supra, the court held that a defendant was within

the jurisdiction and constructively present in the State so that limitations continued to run. Its tolling statute, not unlike that of Texas provided:

"When any *person is absent from the State* during the period within which a suit might have been brought against him, the time of such absence must be computed as a portion of the time necessary to create a bar under this chapter."

The Connecticut Supreme Court in Coombs v. Darling, 116 Conn. 643, 166 A. 70 (1933) reached the same result in applying a tolling statute phrased like the Texas statute. The Connecticut statute, General Statutes, § 6022, was, "In computing the time limited in the several cases aforesaid, the time during which the party, against whom there may be any such cause of action, *shall be without this State*, shall be excluded from the computation."

The Delaware Supreme Court, in Hurwitch v. Adams, 52 Del. 247, 155 A.2d 591 (1959) was faced with a tolling statute, 10 Del.C. § 8116, which applied when the person " * * * *is out of the State."* The New Hampshire Court, in Bolduc v. Richards, 101 N.H. 303, 142 A.2d 156 (1958) applied its tolling statute in the same way. The statute, RSA 508:9, provided: "If the defendant in a personal action was *absent from and residing out of the State* at the time the cause of action accrued, or afterward, the time of such absence shall be excluded in computing the time limited for bringing the action."

The Illinois Court in Nelson v. Richardson, 295 Ill.App. 504, 15 N.E.2d 17 (1938) construed a similar statute, Ill.Rev.Stat. 1937, c. 83, § 19: "If, when the cause of action accrues against a person, *he is out of the State,* the action may be commenced within the times herein limited, after his coming into or return to the State * * *." The court in holding that the defendants were not out of the State said:

" * * * In Walker v. L. E. Meyers Const. Co., 175 Okl. 548, 53 P.2d 547,

it was held that, if process can be served on a foreign corporation and personal judgment obtained, it is not 'out of the state' within statute tolling limitations, and, where process on a nonresident can be served on the secretary of state, the statute of limitations is not tolled during the absence of the defendant.

"In Illinois the only decision touching on the subject is Thornton v. Nome and Sinook Co., 260 Ill.App. 76, where it was said that ability to obtain service of process is the test of the running of the statute of limitations. The opinion quoted from Hamilton v. North Pac. S. S. Co., 84 Or. 71, 164 P. 579, which involved a case where a nonresident corporation maintained an agent in Oregon on whom service could be had. It was there said that under such circumstances it was not out of the state so as to toll the statute, * * *."

The Michigan Court in Hammel v. Bettison, 362 Mich. 396, 107 N.W.2d 887 (1961) held the same with respect to its tolling statute which provided: "If at the time when any cause of action shall accrue against any person, *he shall be out of the state,* the action may be commenced within the time herein limited therefor, after such person shall come into the state; and if after any cause of action shall have accrued, the person against whom it shall have accrued shall be *absent from this state,* any and all periods of absence in excess of 2 months at 1 time, shall not be taken as any part of the time limited for the commencement of the action." In each of these cases, and many others, it has been held, in accord with the majority rule, that limitations continues to run.

Sound reasons exist for treating Article 2093a as a statute which fixes the presence of defendants in Texas through their agent within the state. That statute, as well as the limitation statutes, have for their purpose the achievement of a more expeditious dispatch of litigation and the avoidance of interminable delays while memories fade

and witnesses die. Limitation statutes are enacted to achieve repose. These objectives are achieved by giving force to Article 2093a and Article 5537 so defendants can be reached, and by requiring a plaintiff to proceed without delay or lose his rights. All of these objectives are defeated by the result reached by the majority. The effect of the majority holding is to accord to the plaintiffs an additional right not enjoyed by other litigants—that of waiting until a more convenient season to bring suit, though it may be decades later. Whittington v. Davis, 221 Or. 209, 350 P.2d 913 (1960).

This is a new question in Texas. Two courts have endeavored to anticipate what this court might decide, and the majority has permitted those cases to rule this one. Gibson v. Nadel, 164 F.2d 970 (5th Cir. 1947); Cellura v. Cellura, 24 A.D.2d 59, 263 N.Y.S.2d 843 (1965). Those two cases in turn rely upon the same two cases cited by the majority. They are Huff v. Crawford, 88 Tex. 368, 30 S.W. 546, 31 S.W. 614 (1895), and Wilson v. Daggett, 88 Tex. 375, 31 S.W. 618 (1895). The first case was a trespass to try a title case in which the defendant pleaded limitations. The second case was a similar one in which the defendant relied upon the five-year statute of limitations. These early land cases followed and relied upon what was then regarded as the rule of decisions in other jurisdictions in such cases. Judge Gaines in Huff v. Crawford cited cases from Alabama, Indiana, Iowa and Kansas. We find today, however, that three of those jurisdictions do not support the result reached by the majority. See, Peters v. Tuell Dairy Co., 250 Ala. 600, 35 So.2d 344 (1948); Niblack v. Goodman, 67 Ind. 174 (1879); Kokenge v. Holthaus, 243 Iowa 571, 52 N.W.2d 711 (1952). Article 2039a is a special statute which applies to a special kind of action and constitutionally makes a defendant "present" in Texas through an agent in motor vehicle cases. Judge Gaines had no such statute in aid

of his problem about nonresident landowners.

The cases cited above and a vast number of others show that the Texas statute is not unique but uses language rather common to most tolling statutes. I would give our tolling statute and our substitute service statute the same force in fixing a defendant's constructive presence in Texas as so many other jurisdictions have done in decisions which are more consistent with the theory of substitute service statutes. I would hold that a defendant is without the limits of the state when the powers of the plaintiff to secure process, jurisdiction, and a judgment are suspended. When the plaintiff's powers are not suspended, I would not suspend the limitation statute. Coombs v. Darling, 116 Conn. 643, 166 A. 70 (1933); Kokenge v. Holthaus, 243 Iowa 571, 52 N.W.2d 711 (1952); 34 Am.Jur., Limitations of Actions, § 221; 54 C.J.S. Limitations of Actions § 212c(2). In so holding we would follow the great majority of jurisdictions. The cases are collected in Kokenge v. Holthaus, supra; 17 A.L.R.2d 502, 119 A.L.R. 859, and 94 A.L.R. 485.

I can see no difference between a nonresident motorist who by reason of his use of Texas highways makes the Highway Commissioner his agent for service under Article 2039a on the one hand, and a foreign corporation who by reason of its doing business in Texas is deemed to have appointed the Secretary of State as its agent for service under Article 2031b. The suspension statute has been held inapplicable in the case of the latter. Harris v. Columbia Broadcasting System, Inc., 405 S.W.2d 613 (Tex.Civ.App.1966, writ ref. n. r. e.); Thompson v. Texas Land & Cattle Company, 24 S.W. 856 (Tex.Civ.App.1893, no writ); Alley v. Bessemer Gas Engine Company, 262 F. 94 (5th Cir.1919). I can foresee unfortunate results when the rule adopted by the majority is applied to Section 78(d) of the Probate Code, V.A.T.S.

I would hold that the statute of limitations was not suspended and that plaintiffs' cause of action was barred.

GREENHILL and STEAKLEY, JJ., join in this dissent.