Affirmed and Memorandum Opinion filed June 19, 2007








Affirmed and Memorandum Opinion filed June 19, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01208-CV

____________

 

AWALT GROUP, INC., Appellant

 

V.

 

M POWER ENTERTAINMENT, Appellee

 



 

On Appeal from the 189th
District Court

Harris County, Texas

Trial Court Cause No. 05-25775

 



 

M E M O R A N D U M    O P I N I O N

Appellant, Awalt Group, Inc. (AAwalt@), sued appellee,
M Power Entertainment (AM Power@), on a sworn
account.  The trial court granted M Power summary judgment because it
determined the statute of limitations had run; the trial court also overruled
Awalt=s special
exception to the motion for summary judgment.  Awalt appeals the grant of
summary judgment and the refusal to grant the special exception.  We affirm.

Factual and Procedural Background








We will set out the relevant facts in the light most
favorable to Awalt; most are not disputed.  Awalt provided M Power public
relations services, which were billed through June 1999.  However, M Power was
experiencing financial problems and ultimately closed its doors on June 15,
1999, and terminated its relationship with vendors.  M Power was registered to
do business in Delaware and Texas, but its charters were forfeited in both
states.  In August 1999, M Power=s registered agent
in Texas resigned.  However, M Power=s president
resided in Houston at all relevant times where the corporation=s assets also were
located.

M Power began to reinstate itself as a corporation in good
standing with the State of Texas in 2003.  On December 24, 2003, Awalt filed
this suit in federal court.  A federal magistrate judge dismissed the case due
to lack of total diversity of the parties, as required under federal law. 
Awalt refiled in state district court.  M Power filed a motion for summary
judgment in which it asserted that Awalt=s suit was filed
after the statute of limitations had expired.  Awalt responded by alleging that
the statute of limitations was tolled by M Power=s Aabsence from the
State@ when it no longer
had a registered agent.  The trial court granted M Power=s motion for
summary judgment.  The trial court also denied Awalt=s special
exception, in which Awalt contended that M Power had not adequately proved when
the cause of action accrued.  Awalt timely filed this appeal.

Analysis

I.        M Power
was not Absent from Texas for purposes of Service

In its first issue, Awalt contends M Power was a foreign
corporation, namely, a Delaware Corporation, that was absent from Texas once its
registered agent resigned in August 1999.  Awalt further contends that M Power
did not become present in Texas until 2003 when it was once again a corporation
in good standing.  However, Awalt fails to cite any relevant authority on the
question of service of process, and additionally fails to address the presence
of M Power=s president in Texas at all relevant times.  Moreover,
Awalt does not address the general applicability of the Business Corporation
Act.  Awalt does not dispute that a four-year statute of limitations applies to
a suit on a sworn account.[1] 









Article 2.11 of the Texas Business Corporation Act governs
service of process on corporations.  See Tex. Bus. Corp. Act. Ann.
art. 2.11 (Vernon 2005).  That statute provides, inter alia, that
the Apresident and all
vice presidents of the corporation and the registered agent of the corporation
shall be agents of such corporation upon whom any process, notice, or demand
required or permitted by law to be served upon the corporation may be served.@  Id. art. 2.11(A).  Awalt contends that
because M Power lost its certificate of authority, it was no longer Apresent@ in Texas to
receive service of process.  Therefore, the statute of limitations was tolled. 
See Tex. Civ. Prac. & Rem.
Code ' 16.063.  However, Awalt cites no authority for that
proposition.  

Further, we find article 7.12 of the Business Corporation
Act to be dispositive of the issue.  See Tex. Bus. Corp. Act. Ann.
art. 7.12 (Vernon 2003).  That article discusses the limited survival of
a corporation after dissolution.[2] 
The Act provides, inter alia, that a dissolved corporation shall
continue in its corporate existence for three years from the date of
dissolution for certain purposes, including to permit the survival of any
existing claim by or against the dissolved corporation.  Id. art.
7.12(A)(2).  Therefore, the Act has already addressed a situation such as this
one in which a corporation ceases to do business, but there are existing claimsCthe party with the
claim may bring it within three years of dissolution.  Otherwise, it is
extinguished.  Id. art. 7.12(C).  








Article 2.11 provides that the corporation=s president is an
agent of the corporation upon whom service may be made.  Tex. Bus. Corp. Act. Ann. art. 2.11(A).  Relying on Vaughn
v. Dietz, 430 S.W.2d 487 (Tex. 1968), Awalt contends it should not be
forced to make service of process on the president.  Yet, that case is
inapposite.  In Vaughn, the supreme court held only that a party seeking
to sue an individual may toll the statute of limitations when that individual
is absent from the state even though substitute service is available through
the long-arm statute.  Id. at 490.  In this case, serving the president
would not be substitute service under a separate rule.  Rather, like serving
the registered agent, serving the president would occur under article 2.11(A)
for serving an agent of the corporation.  

Finally, if M Power was not dissolved when its charter was
revoked, then it continued to exist.  Awalt argues that when a corporation is
not in good standing, it is no longer present in Texas.  However, there is no
authority for that proposition.  Indeed, a corporation not in good standing
continues to be present, but the advantage goes to the one bringing suit
because that corporation can no longer defend itself in the law suit.  Regal
Constr. Co. v. Hansel, 596 S.W.2d 150, 153 (Tex. Civ. App.CHouston [1st
Dist.] 1979, writ ref'd n.r.e.).  Therefore, if not dissolved, M Power
continued to exist and Awalt could have brought suit, serving notice upon M
Power=s president or any
of its vice presidents.  The undisputed testimony was that M Power=s president
continued to reside in Houston and continued to function as president of the
corporation.

Whether the statute governing claims for dissolved
corporations applies, or, as Awalt contends, a bare analysis of whether the
corporation was Apresent@ in Texas, M Power=s president was an
agent of the corporation upon whom service of process could have been made.  No
tolling provision operates to prolong the statute of limitations.  We overrule
Awalt=s first issue.  We
must now determine whether, as Awalt contends, M Power proved that the cause of
action accrued in June 1999.

II.       The
Evidence Shows that the Cause of Action Accrued in June 1999








In its second issue, Awalt contends no proof was presented
to the trial court regarding the time for the accrual of the debt and, thus, no
proof of the date on which the cause of action accrued.  As we noted above,
this case is controlled by the statute governing dissolved corporations. 
However, because neither party has briefed that issue and both argue from the
perspective that the corporation has continued to exist, in the interests of
judicial economy we address the issue of when Awalt=s claim on a sworn
account accrued.  Awalt presented its argument concerning accrual of the cause
of action via a special exception.

The purpose of a statute of limitations is to establish a
point of repose and to terminate stale claims.  Murray v. San Jacinto Agency,
Inc., 800 S.W.2d 826, 828 (Tex. 1990).  A cause of action generally accrues
at the time when facts come into existence that authorize a claimant to seek a
judicial remedy.  Id.  The limitations period begins to run when the
wrongful act occursChere, non-payment of owed moniesCresulting in some
damage to the plaintiff.  Id.  

In this case, the evidence established that the last bill
from Awalt was sent and became due in June 1999.  At that point, M Power failed
to make any further payments on current and past amounts that were due.  M
Power terminated its relationship with Awalt in June 1999, ceasing all dealings
with Awalt.  Therefore, Awalt suffered damages due to the M Power=s wrongful act of
refusing to make payment.  The limitations period began to run and, assuming
the dissolution statute does not apply, expired four years later.  Awalt
brought suit approximately six months too late.  We overrule Awalt=s second issue.

Conclusion

Having overruled both of Awalt=s issues, we
affirm the judgment of the trial court.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

 

Judgment rendered
and Memorandum Opinion filed June 19, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.









[1]  M Power raises the issue of whether the federal
magistrate judge=s ruling triggers the rule of collateral estoppel in
this case, such that the issues have been decided already.  However, we need
not reach that issue because the record affirmatively demonstrates all of the
undisputed facts necessary to resolve this appeal.





[2]  Neither party addressed what legally became of M
Power once its certificate and charter were revoked in Texas.  It is not
entirely clear that M Power=s charter was
revoked.  However, viewing the facts in the light most favorable to Awalt, M
Power was dissolved on February 11, 2000.  See Tex. Bus.
Corp. Act. Ann. art. 7.12(F)(1); Landrum v.
Thunderbird Speedway, Inc., 97 S.W.3d 756, 758 (Tex. App.CDallas 2003, no pet.) (holding that the forfeiture of
a corporate charter results in a corporations dissolution).