Philip KLEIN, Plaintiff,

v.

The LIONEL CORPORATION, a New York corporation, Rosenbaum's, Inc., a Delaware corporation, John Wanamaker, Wilmington, Incorporated, a Delaware corporation, Sears, Roebuck and Co., a New York corporation, and Strawbridge & Clothier, a Pennsylvania corporation, Defendants.

Civ. A. No. 1671.

United States District Court
D. Delaware.

April 11, 1955.

John Van Brunt, Jr., and David Snellenburg, II (of Killoran & Van Brunt), Wilmington, Del., for plaintiff.

Thomas Cooch, and Thomas S. Lodge (of Connolly, Cooch & Bove), Wilmington, Del., for defendant Lionel Corp.

Clement C. Wood (of Young & Wood), Wilmington, Del., for defendant Rosenbaum's, Inc.

Henry M. Canby and James T. McKinstry (of Richards, Layton & Finger), Wilmington, Del., Harry E. Sprogell, and Joseph Ewing (of Saul, Ewing, Remick & Saul), Philadelphia, Pa., for defendant John Wanamaker, Wilmington, Inc.

Richard F. Corroon (of Berl, Potter & Anderson), Wilmington, Del., and Lederer, Livingston, Kahn & Adsit, Chicago, Ill., for defendant Sears, Roebuck & Co.

Edwin D. Steel, Jr., and William S. Megonigal, Jr. (of Morris, Steel, Nichols & Arsht), Wilmington, Del., and Thomas B. K. Ringe, Miles W. Kirkpatrick and Frank L. Luce (of Morgan, Lewis & Bockius), Philadelphia, Pa., for defendant Strawbridge & Clothier.

RODNEY, District Judge.

This matter involves some 27 interrogatories propounded by the plaintiff and directed to The Lionel Corporation, one of the defendants.

The case, itself, generally alleges a violation of the anti-trust laws and is brought under the provision of the Robinson-Patman Price Discrimination Act of 1936.[1] The complaint alleges that the plaintiff is a retail merchant in Wilmington, Delaware; that The Lionel Corporation is a New York corporation engaged in the manufacture and sale of toy electric trains and accessories; that the other defendants are also retail merchants in Wilmington, Delaware and engaged in competition with the plaintiff in the sale of the Lionel products in the Wilmington, Delaware, area. The complaint alleges that The Lionel Corporation unlawfully discriminated between the plaintiff and the other defendants in that the said corporation granted or allowed to the other defendants certain discounts, allowances and adjustments not allowed to the plaintiff, and thus competition was destroyed and monopoly created and continued. The complaint alleges damages in the sum of $20,000 and, under the terms of the Act, seeks three-fold damages.

The present questions concern the 27 interrogatories. One of these (No. 21) has been withdrawn and, by stipulation No. 27 need not be answered until the present objections are determined. One interrogatory may be used as an example as all are subject to the same discussion and disposition.

Interrogatory No. 1:

"What is the dollar volume of the sales of Lionel toy electric trains and accessories made by The Lionel Corporation to John Wanamaker Wilmington, Incorporated, Strawbridge & Clothier (Wilmington store), Sears, Roebuck and Co. (Wilmington store) and Rosenbaum's, Inc., respectively, during each year for the period from January 1, 1945, to the date of answer of this Interrogatory? * * * *"

To this interrogatory (and to all the others), the objection is that it calls for information concerning a time outside of the applicable Statute of Limitations.[2] Additional objection is made to Interrogatories Nos. 8, 9, 11, 12, 13, 24, 25 and 26 in that they call for information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

The present action was commenced December 29, 1954.

The consideration of the application, force, and effect of the Delaware Statute of Limitations upon the interrogatories in question naturally divides itself into several categories which will be considered in their order.

1. 15 U.S.C.A. § 13, 49 Stat. 1526.

2. It is alleged and assumed that the applicable Delaware Statute of Limitations is three years, as set out in 10 Del.Code § 8106.

1. Lionel being a New York corporation, does its absence from the State of Delaware toll the Statute of Limitations as to all the alleged injuries?

2. Does the Statute of Limitations begin to run from the last overt act of the defendant?

3. Does the Statute of Limitations, under the facts alleged, begin to run from the time the plaintiff first had knowledge of the action of the defendant?

■ (1) There being no federal Statute of Limitations governing the institution of action for three-fold damages under the anti-trust laws, so the Statute of Limitations of the State where the action is instituted is applicable. This is precisely the law of this District and Circuit.[3]

The appropriate section of the Delaware Act is 10 Delaware Code, § 8106, as follows:

" * * * no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action; * * *."

The plaintiff, in order to answer the foregoing Statute, draws attention to the fact that Lionel is a corporation of the State of New York and cites 10 Delaware Code, § 8116, which provides:

"If at the time when a cause of action accrues against any person, he is out of the State, the action may be commenced, within the time limited therefor in this chapter, after such person comes into the State in such manner that by reasonable diligence, he may be served with process. * * *"

The vast majority of the cases hold that a statutory provision tolling the Statute of Limitations during the time defendant is not a resident or is absent from a state has a direct reference to the inability of the plaintiff to secure service of personal process on such defendant. Thus, most courts hold that such statutes regarding the tolling the Statute of Limitations do not have the effect of tolling the statute if, notwithstanding such absence, personal service of process can be had. In such case the the Statute of Limitations continues to run during the defendant's absence.[4] The concluding sentence of the Delaware Act, 10 Del.Code, § 8116, supra, seems strongly to indicate this view. The plaintiff has alleged that the defendant, Lionel, since 1945 has maintained a uniform course of conduct in Delaware with relation to the several other defendants and as discriminatory against the plaintiff although the plaintiff denies knowledge thereof until November 8, 1954. The Clayton Act[5] provides:

"Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

■ It is thus apparent that The Lionel Corporation has been at all pertinent times liable to suit and that process in such suit could be personally served wherever the corporation might be found. I am of the opinion that the Statute, 10 Delaware Code, § 8116 has no effect in this case as tolling the Delaware Statute of Limitations, 10 Delaware Code, § 8106. In Bauserman v. Blunt, 147 U.S. 647, at page 657, 13 S.Ct. 466 at page 470, 37 L.Ed. 316, it is said "The bar of the statute cannot be postponed by the failure of the creditor to avail him-

3. Williamson v. Columbia Gas & Electric Corp., D.C., 27 F.Supp. 198, affirmed, 3 Cir., 110 F.2d 15, certiorari denied 310 U.S. 639, 60 S.Ct. 1087, 84 L.Ed. 1407.

4. See cases collected in 34 Am.Jur. page 178; 94 A.L.R. 485; 119 A.L.R. 331; 17 A.L.R.2d 502.

5. 15 U.S.C.A. § 22.

self of any means within his power to prosecute or to preserve his claim."

In Irvine v. Elliott, D.C.Del., 1913, 203 F. 82, 112, it was held that on questions touching the construction or operation of a statute of limitations the decision of the Supreme Court of the state are conclusive.[6] In the case just mentioned it was held, citing Lewis v. Pawnee Bill's Wild West Co., 6 Pennewill 316, 22 Del. 316, 66 A. 471, 16 Ann.Cas. 903, that courts are powerless to add exceptions to the statute where the Legislature has failed to do so. In the present case no exception is added to the Statute but it is held that under the circumstances here present 10 Delaware Code, § 8116 is without application. I am of the opinion that 10 Delaware Code, § 8116 does not prevent the application of the Statute of Limitations found in 10 Delaware Code, § 8106.

■ (2, 3) Civil actions for treble damages under the Act here in question are actions seeking compensatory damages. The gravamen of the action is found in each overt act of the defendant which culminates in the damage to the plaintiff. The limitation of action in civil cases (as distinguished from criminal cases where a different rule prevails) arises from the injurious overt act and as of the time of each invasion of the defendant's rights.[7]

The plaintiff seeks to avoid the operation of the Statute of Limitations by alleging his ignorance of the transactions until November 8, 1954. The plaintiff then seeks to avoid the limitations by the application of the rule, developed in Equity, that a Statute of Limitations is tolled where knowledge is prevented by the fraudulent conduct of the wrongdoer. It is sufficient to state that the present plaintiff in his complaint does not allege fraud in any proper sense.

Rule 9(b) of the Federal Rules of Civil Procedure 28 U.S.C. requires that allegations of fraud be set out "with particularity". There is no allegation of fraud, as such, and no suggestion of particularity, as required by the Rule. In Suckow Borax Mines Consolidated, Inc. v. Borax Consolidated, Limited, 9 Cir., 185 F.2d 196, 209, an express allegation of "fraudulent concealment" was held a conclusion of law and not a statement of particularity as required by the Rule.

We have then an allegation of the ignorance of the plaintiff unaccompanied with any proper allegation of fraud or concealment on the part of the defendant. In Mastellone v. Argo Oil Corp., 7 Terry 102, 46 Del. 102, 82 A.2d 379, the Supreme Court of Delaware held that mere ignorance of the facts constituting the cause of action does not postpone the operation of the Statute of Limitations.

■ The action was commenced December 29, 1954. I am of the opinion that the Statute of Limitations of three years bars recovery for causes of action accruing more than three years prior to that date. Since the causes of action prior to December 29, 1951 are barred by the Statute so, I think, interrogatories inquiring of events prior to that time need not be answered.[8] There can be no relevancy in matters which are not in issue or which have no bearing upon issues to be litigated.

With reference to the objection to Interrogatories Nos. 8, 9, 11, 12, 13, 24, 25 and 26 on the ground of lack of relevancy, this opinion will not be extended. An examination of the interrogatories in question leads to the conclusion that the interrogatories are relevant to the issues of this case or may lead to the discovery of relevant testimony concerning the period within the Statute of Limitations.

---

6. See cases collected in 34 Am.Jur. page 53; Bauserman v. Blunt, 147 U.S. 647, 652, 13 S.Ct. 466, 37 L.Ed. 316.

7. Park-in Theatres v. Paramount-Richards Theatres, D.C., 90 F.Supp. 727;

Henis v. Compania Agricola de Guatemala, D.C., 116 F.Supp. 223 and see 97 A.L.R. 137.

8. See Adelman v. Nordberg Mfg. Co., D. C., 6 F.R.D. 383.

That portion of the motion objecting to the interrogatories which refer to a period beyond the time of the Statute of Limitations is sustained and the defendant need not answer said interrogatories concerning the period prior to December 29, 1951.

That portion of motion which refers to the period since December 29, 1951 is denied and the defendant will answer the interrogatories as to such period.

An appropriate order may be submitted.