STANLEY HURWITCH by Frances Goldberg, his next friend, Plaintiff Below, Appellant, v. TALBERT LEE ADAMS, Defendant Below, Appellee.

PETER KOHANOVICH, Appellant, v. CLEO L. YOUREE, Appellee.

(*October* 30, 1959.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*John Biggs, III,* and *John Merwin Bader* for appellants.

*George L. Sands* (of Mortenson and Sands) for Talbert Lee Adams, appellee.

*William F. Taylor* (of Morford, Young and Conaway) for Cleo L. Youree, appellee.

Supreme Court of the State of Delaware, Nos. 45 and 47, 1959.

WOLCOTT, J.:

These two appeals, involving different facts but similar questions of law, were consolidated in this court for argument.

No. 45, 1959 is an action to recover damages for personal injuries arising out of a motor vehicle accident in Delaware on November 7, 1955. All of the parties involved in the accident were non-residents of Delaware. The appellee, Adams, at the time of the accident, was driving an automobile owned by his co-defendant who has not been joined in this appeal. At the time of the accident both the appellee and his co-defendant were members of the military service. The appellee was discharged from military service on March 26, 1957. The co-defendant still remains in the military service and remains a defendant in the action pending below. The action was commenced on May 6, 1958 with substituted service upon the defendants being obtained under 10 *Del. C.* § 3112 (Non-Resident Motorist Act), two years and seven monhts after the happening of the accident and more than one year after the discharge of the appellee from military service.

No. 47, 1959 is an action seeking to recover damages for personal injuries resulting from a motor vehicle accident occurring in Delaware on April 24, 1956. At the time of the accident the appellee, Youree, was a non-resident of Delaware. The action was commenced on September 6, 1957, more than one year after the occurrence of the accident, and substituted service of process was made upon the appellee under 10 *Del. C.* § 3112. The appellee at the time of the accident was not in military service, nor does it appear that he is in such service now.

In the court below in both cases, *inter alia*, the defense of the one-year statute of limitations on actions for personal injuries (10 *Del. C.* § 8118) was interposed by all defendants, who moved to dismiss. The co-defendant in No. 45, 1959, still being in military service, subsequently withdrew his motion to dismiss by reason of 50 *U. S. C. A. Appendix*, § 525 (The Soldiers' and Sailors' Relief Act.)

The Superior Court filed an opinion in No. 45, 1959 dismissing the action as to the appellee in that cause, and, on the

authority of that opinion, an order was entered dismissing No. 47, 1959. From these orders of dismissal, the plaintiffs in both actions now appeal.

Two questions are presented for our decision:

I. Is the Delaware one-year statute of limitations on actions for personal injuries (10 *Del. C.* § 8118) tolled by reason of 10 *Del. C.* § 8116 which prevents the running of statutes of limitations by reason of a defendant's absence from the state?

II. Does the Soldiers' and Sailors' Relief Act (50 *U. S. C. A. Appendix,* § 525) toll 10 *Del. C.* § 8118 not only as to a serviceman defendant but also as to a civilian codefendant?

A further point raised below in No. 45, 1959, to the effect that 10 *Del. C.* § 8118 is tolled by reason of the alleged incompetency of the appellant, has been abandoned in this court.

We consider first Question No. I.

By 10 *Del. C.* § 8118 it is provided that no action for the recovery of damages resulting from personal injuries shall be brought after the expiration of one year from the date upon which the injuries were sustained.

By 10 *Del. C.* § 8116 it is provided that certain circumstances will toll the running of all Delaware statutes of limitations. For convenience, we set forth the statute in full:

"If at the time when a cause of action accrues against any person, he is out of the State, the action may be commenced, within the time limited therefor in this chapter, after such person comes into the State in such manner that by reasonable diligence, he may be served with process. If, after a cause of action shall have accrued aginst any person, he departs from and resides or remains out of the State, the time of his absence until he shall have returned into the State in the manner provided in this section, shall not be taken as any part of the time limited for the commencement of the action."

The effect of the two cited code sections was considered by this court's predecessor in *Lewis v. Pawnee Bill's Wild West Co.,* 6 *Penn.* 316, 66 *A.* 471. In that case the two cited statutes were construed and it was held that the then statute, now found as 10 *Del. C.* § 8118, was not subject to the exceptions of the statute now found as 10 *Del. C.* § 8118. The first code section was the last enacted law and no exceptions being found in its text to prevent the running of the statute of limitations, the Supreme Court held none could be written in by judicial construction. The holding was based upon the elementary rule that where language of a statute is unambiguous, its meaning is that which is plainly expressed, and there is, thus, no necessity for judicial construction.

The court went on to point out that the plaintiff could at any time after the injury complained of have commenced an action by foreign attachment within the permissible period and, thereafter, kept it alive by *alias* and *pluries* writs until the defendant brought its property within the state and thus subject to process.

Subsequently, in *Red Men's Fraternal Accident Ass'n of America v. Merritt,* 2 *W. W. Harr.* 1, 117 *A.* 284, a plea of the statute of limitations raised by the defendant, a Massachusetts corporation, was upheld as not falling within the purview of the exceptions contained in what is now 10 *Del. C.* § 8116. The rationale of the decision was that the defendant foreign corporation in order to do business in Delaware necessarily was required by statute to designate the Insurance Commissioner of the state as its agent for the service of process and that, accordingly, suit could have been started within the permissible period and service obtained over the defendant.

To the same effect is *Klein v. Lionel Corp.,* 130 *F. Supp.* 725, in which case the Federal District Court applied Delaware law and held that 10 *Del. C.* § 8116 had no application to a case in which during the limitation period the defendant was amenable to personal service.

■ The foregoing cases, we think, taken together, demonstrate that 10 *Del. C.* § 8116 has no tolling effect on the applicable statute of limitations when the defendant in the suit is subject to personal or other service to compel his appearance. Throughout the one-year periods following these accidents, all of the defendants named below could have been served by substitution under 10 *Del. C.* § 3112, a statute designed to obtain jurisdiction over non-residents using Delaware highways. As far as due process of law is concerned, such service is the equivalent of personal service.

■ Under the circumstances, therefore, we are of the view that there was no tolling of the one-year statute of limitations because of the fact that the defendants were non-residents.

However, the appellants argue to the contrary. First, it is said that 10 *Del. C.* § 8116 is plain on its face and that it applies in any action in which the defendant is a non-resident. We think this argument, if accepted, would result in the abolition of the defense of statutes of limitation in actions involving non-residents, but the answer to the argument lies in the direct holding of the *Pawnee Bill* case to the contrary.

The appellants further argue that since 10 *Del. C.* § 8116 contains within itself no exception to the operating of its provisions with respect to the statute of limitations on actions for personal injuries, the teaching of the *Pawnee Bill* case must be applied to hold that the statute of limitations is in fact tolled. If we understand the argument thus made, it is an attempt to argue in reverse the argument that was rejected in the *Pawnee Bill* case. As such, it of course also finds its answer in the ruling of the *Pawnee Bill* case that the two code sections are completely independent of each other.

■ In any event, whatever the precise argument made may be, we think that the Delaware statute of limitations on actions for personal injuries runs continuously without interruption when there is available to the plaintiff throughout the

period an acceptable means of bringing the defendant into court. Therefore, the answer to the first question posed is that there has been no tolling of the statute of limitations since these defendants, at all times, were subject to substituted service.

We now turn to the second question presented.

■ The Soldiers' and Sailors' Relief Act has as its purpose the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in the military services of the United States. To accomplish this purpose, it is provided that no applicable statute of limitations shall run against or for the benefit of such serviceman during the period of his military service. It is thus plain that the serviceman defendant in No. 45, 1959 properly withdrew his defense of the statute of limitations. Further proceedings against him in the action have been stayed.

However, the appellant in No. 45, 1959 seeks to hold his co-defendant, now in a civilian status, in an action commenced more than one year after the regaining of such status. If he can be so held, it must be solely by reason of the joining with him as a party defendant one who cannot be proceeded against because of the Soldiers' and Sailors' Relief Act.

Appellant argues that the purpose of the act is to assure to the individual in military service "a peace of mind respecting any civilian litigation which might be brought against him", and that this is achieved by tolling statutes of limitation both for and against him. However, it is argued, unless a similar tolling is made with respect to the same cause of action asserted against a civilian co-defendant the "tranquility" of the serviceman will be disturbed by the harassment of interrogatories, depositions, and the like.

■ We do not agree. This cause of action is not joint, but could have been asserted against these two defendants jointly or against each of them severally. If the exigencies of prepa·

ration for trial result in undue harassment of the serviceman, or if his abence makes such preparation impossible, those circumstances might justify the granting of a stay on the application of the civilian defendant, but, in our opinion, they do not operate to relieve the plaintiff of the necessity to commence his action against the civilian within a certain time or be forever after barred from asserting it.

We think the Soldiers' and Sailors' Relief Act by its very terms forces this conclusion. It is designed to avoid injury to a member of the armed forces and not to permit a plaintiff to allow his claim against a civilian to grow stale. Civilian defendants have rights as well as servicemen. Among them is the right to regard the failure to assert a timely claim against them as a bar to its further presentation. Particularly is this true when the plaintiff could proceed against the two defendants by separate actions if he desired.

We think the answer to the question so apparent on the face of the statute as to require no citation of authority. We find, however, that other courts hold the same view. *Cf. Patrikes v. J. C. H. Service Stations,* 180 *Misc.* 917, 41 *N. Y. S.* 2d 158 and *State ex rel. Frank v. Bunge,* 16 *Wash.* 2d 358, 1333 *P.* 2d 515.

Appellant cites *Crawford v. Adams, Tex. Civ. App.,* 213 *S. W.* 2d 721 in support of his position. But that case does not support him for it appears that the applicable Texas statute of limitations, *Vernon's Ann. Civ. St.* arts. 5526, 5527, was tolled in the circumstance that one of two joint payees on a note was in the military service. It also appears that under Texas law their claim in the note was joint. Presumably, an adverse judgment against one, therefore, would have been equally adverse to the other.

Lastly, appellant argues that the provisions of the act must extend to a civilian co-defendant because, under the rules of pleading of the Superior Court, *Del. C. Ann.,* the plaintiff must

join the serviceman or otherwise lose his right against him if the case goes to judgment prior to the termination of his term of military service.

We do not follow the argument. Rule 19 of the Superior Court requires that parties having a joint interest must be joined, while Rule 20 permits the joinder of parties against whom claims are asserted which arise out of the same occurrence. The claims asserted in No. 45, 1959 are in tort and, as such, they are several.

The Judgments below are affirmed.

### On Petition for Reargument.

Appellants' petition for reargument. The reason advanced is that *Lewis v. Pawnee Bill's Wild West Co.*, 6 *Penn.* 316, 66 *A.* 471, cited in the opinion, was overruled by the General Assembly at the 1909 session which next ensued by the enactment of 25 *Laws, Ch.* 234, which amended the predecessor of present 10 *Del. C.* § 8118 (the one-year statute of limitations for personal injuries) by adding a new section relating to causes of action accruing against a person who thereafter departs the state. The 1909 amendment in substance was the second clause of 1893 *Code, Ch.* 123, § 14, the predecessor of present 10 *Del. C.* § 8116 (the general tolling statute). The result, therefore, was that in 1909 there were two statutory provisions embodying the present 10 *Del. C.* § 8116, one general in nature, and the other apparently applying specifically to actions for personal injury. Thus, it is argued, the rule of *Pawnee Bill* was overruled for its premise was changed by statutory amendment.

We note that the argument is now made for the first time, the 1909 act not having been heretofore cited to us. We make no point of this omission, however, since we have concluded that reargument must be denied in any event. We so conclude because of the existence throughout the one-year period of process available to the plaintiff to bring the defendant into

court. We so ruled in our opinion, in addition to our reliance upon the *Pawnee Bill* case.

Furthermore, the appellants' new argument might well be answered by the failure of the General Assembly, in enacting the 1915 Code, to enact the specific tolling statute applying to actions for personal injuries. Following the enactment of the 1915 *Code in Nigro v. Flinn,* 8 *W. W. Harr.* 368, 192 *A.* 685, an action for personal injuries, the then Supreme Court of the State approved the *Pawnee Bill* case and held that the one-year statute of limitations was not subject to the general tolling statute, now 10 *Del. C.* § 8116. No mention was made of the 1909 amendment. The failure to mention it, impliedly at least, might be considered as a holding that the omission of the 1909 amendment from the 1915 Code constitutes a repeal of that section, since the court held that the 1915 Code was a true Code which effected changes in the basic law by omission as well as commission.

As we have said, however, we do not have to decide the question raised by the late discovery of the 1909 amendment. The point, therefore, may be taken to be still open.

Reargument denied.