**JOHN J. MOLITOR, INC., a corporation of the State of Delaware, Plaintiff,**

**v.**

**Melvin FEINBERG and Pearl Feinberg, his wife, trading as Brandywine Hills Apartments, Defendants.**

Superior Court of Delaware.

New Castle.

Oct. 6, 1969.

---

Gerald Z. Berkowitz, Wilmington, for plaintiff.

Robert K. Payson, Wilmington, for defendants.

QUILLEN, Judge.

The plaintiff sues the defendants, who trade as Brandywine Hills Apartments, for a debt for carpentry work done at the Brandywine Hills Apartments.

The defendants have moved for summary judgment on the basis of the Statute of Limitations. It is conceded that the three year statute, 10 Del.C. § 8106, applies, that the cause of action accrued on August 31, 1964, and that the complaint was filed on April 11, 1968. For the purpose of this motion, the defendants must be considered as being personally absent from the State since the accrual of the cause of action.

The defendants are the owners of the Brandywine Hills Apartments, located at 4312 Miller Road, New Castle County, Delaware. The defendants have always had a superintendent located at the apartments who is responsible for the day to day operations and collects some rents.

The plaintiff claims that the three year statute does not bar this cause of action because of the tolling provisions found in 10 Del.C. § 8116. That section reads as follows:

"Defendant's absence from State

If at the time when a cause of action accrues against any person, he is out of the State, the action may be commenced, within the time limited therefor in this chapter, after such person comes into the State in such manner that by reasonable diligence, he may be served with process. If, after a cause of action shall have accrued against any person, he departs from and resides or remains out of the State, the time of his absence until he shall have returned into the State in the manner provided in this section, shall not be taken as any part of the time limited for the commencement of the action."

The defendants counter that the tolling section is not applicable in this case because the defendants were always subject to personal service under 10 Del.C. § 3104. That section reads as follows:

"Service of summons on non-resident doing business within state

Whenever suit is brought against any person not residing in this State, but doing business therein either by a branch establishment or agency, it is sufficient service of a writ of summons to leave a copy thereof with any agent, or at the usual place of business of such person, or his agent ten days before the return thereof."

Since the defendants have always been subject to personal service under 10 Del.

C. § 3104, the Statute of Limitations has not been tolled. Red Men's Fraternal Accident Ass'n of America v. Merritt, 2 W. W.Harr. 1, 117 A. 284 (Super.Ct. 1921); Hurwitch v. Adams, 2 Storey 247, 155 A. 2d 591 (Sup.Ct.1959); Klein v. Lionel Corp., 130 F.Supp. 725 (D.Del.1955); Underwood v. McBride, 182 F.Supp. 361, 365 (D.Del.1960). The case of Caldwell v. Armour, 1 Pennewill 545, 43 A. 517 (Super.Ct.1899) is not in accord with the modern constitutional holdings and should be disregarded.

The defendants' motion for summary judgment is granted. It is so ordered.