Jay BROSSMAN and East Cocalico Associates, a Pennsylvania limited partnership, Defendants Below, Appellants,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, a corporation of the District of Columbia, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Submitted: March 27, 1986.

Decided: June 11, 1986.

David H. Williams, Morris, James, Hitchens & Williams, Wilmington, for appellants.

Elwyn Evans, Jr., Wilmington, for appellee.

Before CHRISTIE, C.J., McNEILLY and MOORE, JJ.

MOORE, Justice.

Appellant, Jay Brossman, appeals three decisions of the Superior Court denying his motion for summary judgment and granting a motion by plaintiff Federal Deposit Insurance Corporation (FDIC) for summary judgment on its claim based on Brossman's guaranty of a promissory note. The Superior Court ruled that the FDIC's claim was not time-barred because the statute of limitations was tolled while Brossman was out

of Delaware, and thus not subject to personal service. Accordingly, there were no genuine issues of fact present, and FDIC's motion for summary judgment was granted. Brossman appeals on the grounds that: 1) the Superior Court improperly read the tolling provisions of 10 *Del.C.* § 8117 into the Delaware's borrowing statute, 10 *Del.C.* § 8121, so as to toll the running of the statute of limitations, 2) the FDIC cannot avoid the statute of limitations by arguing that the guaranty is under seal, and 3) plaintiff's claim on the note was merged into and extinguished by a judgment previously secured by FDIC's predecessor in interest. We find no merit to these contentions and affirm the decisions of the court below.

### I.

On March 1, 1974, East Cocalico Associates (ECA), a Pennsylvania limited partnership, executed a promissory note secured by a mortgage in favor of the Farmers Bank of the State of Delaware. On March 2, 1974, Brossman, a general partner of ECA, signed a guaranty of the note. The note obligated ECA to pay the Farmers Bank $158,250.00 on demand, with interest at 11% per annum.

In September of 1975, Farmers Bank filed an action of mortgage foreclosure against ECA in the Court of Common Pleas in Lancaster County, Pennsylvania. Farmers Bank obtained a judgment by default on October 23, 1975. The secured property was then sold at a sheriff's sale, yielding net proceeds of $94,659.70 with a substantial deficiency remaining.

On June 10, 1976, Farmers Bank assigned its interest in the promissory note to FDIC. On December 31, 1981, FDIC sued Brossman for the deficiency and sought judgment on either the note or the guaranty. Brossman moved to dismiss the claim on the ground that it was barred by the statute of limitations. The Superior Court, ruling that the Delaware tolling statute (10 *Del.C.* § 8117) and borrowing statute (10 *Del.C.* § 8121) controlled, denied Brossman's motion in its initial opinion. The court held that because Brossman, a resident of Pennsylvania, was not subject to personal service until Delaware's long-arm statute took effect in July of 1978, the action had been filed within the six-year statute of limitations regarding actions on bills and notes found in 10 *Del.C.* § 8109.

Brossman moved for reargument of the issue, and the Superior Court again denied Brossman's motion. In a second opinion, the court ruled that the tolling and borrowing statutes applied to FDIC, a non-resident plaintiff, because the claim had been assigned to FDIC by Farmers Bank, a resident of Delaware in whose favor the cause of action had originally accrued.

In its third and final opinion, the Superior Court granted FDIC's motion for summary judgment on the merits of the claim. The court ruled that because FDIC's claim was based on Brossman's guarantee, the previous judgment against ECA in Pennsylvania had no effect on this action. The court also declared that there was no genuine issue over the amount of damages owed. Finally, the court, proceeding from Brossman's premise that the Pennsylvania judgment was void, held that the present claim was not merged in the previous judgment and that the previous judgment had no effect on the 11% interest recoverable in this case. Brossman then filed this appeal.

### II.

If a defendant is not subject to service when a cause of action accrues against him, the relevant statute of limitations will be tolled until the plaintiff, by reasonable diligence, may serve him with process. 10 *Del.C.* § 8117; *see Hurwitch v. Adams,* Del.Supr., 155 A.2d 591, 593 (1959).[1]

---

1. The statute provides:
   If at the time when a cause of action accrues against any person, he is out of the State, the action may be commenced, within the time limited therefor in this chapter, after such person comes into the State in such manner that by reasonable diligence, he may be served with process. If, after a cause of action shall have

The courts of Delaware may exercise personal jurisdiction over a non-resident defendant who "[t]ransacts any business or performs any character of work or service in the State ..." 10 *Del.C.* § 3104(c)(1). This provision of the Delaware "long-arm" statute became effective on July 11, 1978. *See* 61 Del.Laws, ch. 471.

When a cause of action arises from a promissory note or an acknowledgment under the hand of a party of a subsisting demand, the action must be commenced within six years of the accrual of the cause of action. 10 *Del.C.* § 8109.[2]

■ The cause of action against Brossman arose on October 23, 1975. The present suit was filed on December 31, 1981, more than six years after the accrual of the cause of action. Brossman, however, as a resident of Pennsylvania, was not amenable to service of process until the long-arm statute became effective in July of 1978. Clearly, the running of the statute of limitations in § 8109 did not begin until Brossman could be served. The suit was thus filed within the six-year limitation and is not time-barred.

■ Brossman argues that the cause of action arose outside of Delaware, and that under Delaware's borrowing statute, 10 *Del.C.* § 8121, the time limit on the cause of action is the shorter of the limitations of either Delaware or the state in which the cause of action arose.[3] However, the second sentence of § 8121 reads: "Where the cause of action originally accrued in favor of a person who at the time of such accrual

was a resident of this State, the time limited by the law of this State shall apply." FDIC was empowered to file this action by the assignment from Farmers Bank, in whose favor the cause of action originally accrued, and thus to FDIC passed all the rights to the cause of action previously possessed by Farmers Bank. *See* 6A C.J.S. *Assignments* § 77 (1975). Because the cause of action originally arose in favor of Farmers Bank, a resident of Delaware, the Delaware statute of limitations must apply, and we need not decide whether the cause of action arose outside of Delaware. Brossman's argument that the statute should not apply to a non-resident plaintiff fails in light of the clear statutory language. Finally, having decided that the claim was timely filed, we need not address whether the guaranty is under seal.

■ Brossman also appeals the Superior Court's grant of plaintiff's motion for summary judgment on the merits of the claim. Brossman argues that FDIC's claim against ECA on the promissory note was merged into and therefore extinguished by the Pennsylvania judgment secured by Farmers Bank. Such a merger would have no effect, however, on FDIC's present claim against Brossman on the note and guaranty. The guaranty signed by Brossman contained the words "guarantees the payment ... to any holder of the annexed Note ..." " 'Payment guaranteed' or equivalent words added to a signature means that the signer engages that if the

accrued against any person, he departs from and resides or remains out of the State, the time of his absence until he shall have returned into the State in the manner provided in this section, shall not be taken as any part of the time limited for the commencement of the action. 10 *Del.C.* § 8117.

**2.** The statute provides:
    When a cause of action arises from a promissory note, bill of exchange, or an acknowledgment under the hand of the party of a subsisting demand, the action may be commenced at any time within 6 years from the accruing of such cause of action.
10 *Del.C.* § 8109.

**3.** The statute provides:
    Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action. Where the cause of action originally accrued in favor of a person who at the time of such accrual was a resident of this State, the time limited by the law of this State shall apply.
10 *Del.C.* § 8121.

instrument is not paid when due he will pay it according to its tenor without resort by the holder to any other party." 6 *Del.C.* § 3–416(1). Brossman's liability under his guarantee is absolute and unaffected by the Pennsylvania judgment. *See* 11 Am. Jur.2d *Bills and Notes* § 533 (1963); 38 Am.Jur.2d *Guaranty* §§ 110, 112 (1968). The general rule is that a judgment against one or more of, but not all of, the obligors does not merge therein the cause of action against the remaining obligors. 46 Am. Jur.2d *Judgments* § 389 (1969). Whether or not FDIC may obtain a second judgment against ECA on the note is immaterial to the present action.

For the foregoing reasons, the judgment of the Superior Court denying defendant's motion for summary judgment based on the statute of limitations, and granting plaintiff's motion for summary judgment on its claim are hereby AFFIRMED.