Opinion
THE COURT.*
This is a credit card collection action. Defendant and appellant Pamela S. Chambers (Chambers) appeals the judgment entered in favor of plaintiff and respondent Resurgence Financial, LLC (Resurgence), in the amount of $10,856.54. Chambers contends the action is barred by the applicable statute of limitations, the trial court improperly admitted documents into evidence, and there is insufficient evidence to establish that *Supp. 4 Resurgence had a valid assignment from the original creditor. We hold that (1) Delaware’s statute of limitations governs Resurgence’s causes of action because the credit card agreement contains a Delaware choice-of-law clause and one of the original contracting parties was a Delaware corporation; (2) applying Delaware law, the action is barred by the three-year limitations period of title 10, section 8106 of the Delaware Code[1]; and (3) section 8117 did not toll the statutory period. Given these conclusions, the court will not address whether application of section 8117 would violate the commerce clause or whether the trial court improperly admitted evidence.
On September 25, 2007, Resurgence filed the complaint, which alleges that on October 27, 2003, Chambers breached the terms of a credit card agreement between Chambers and Resurgence’s predecessor in interest, First USA Bank, a Delaware corporation. The credit card agreement contains a Delaware choice-of-law clause to be applied “without regard to conflict-of-law princip[les].” Under Delaware law, the statute of limitations for breach of contract is three years. (§ 8106; Wedderien v. Collins (Del. 2007) 937 A.2d 140.) Therefore, unless the limitations period was tolled, the action is untimely.
Resurgence contends that section 8117 tolled the limitations period indefinitely because Chambers was not subject to service of process in Delaware. Section 8117 provides, “If at the time when a cause of action accrues against any person, such person is out of the State, the action may be commenced, within the time limited therefor in this chapter, after such person comes into the State in such manner that by reasonable diligence, such person may be served with process. If, after a cause of action shall have accrued against any person, such person departs from and resides or remains out of the State, the time of such person’s absence until such person shall have returned into the State in the manner provided in this section, shall not be taken as any part of the time limited for the commencement of the action.” (§ 8117.)
The ultimate goal in construing section 8117 is to “ ‘ascertain and give effect to the intent of the legislature.’ ” (Delaware Bay Surgical Services v. Swier (Del. 2006) 900 A.2d 646, 652.) A statute “is to be considered as a whole, rather than in parts, each section should be read in light of all others . . . .” (Ibid.) “ ‘[Wjords and phrases shall be read with their context and shall be construed according to the common and approved usage of the English language.’ ” (Ibid.) “A statute will be considered ambiguous when it is reasonably susceptible of different conclusions or interpretations” or where “a literal reading of the statute would lead to an unreasonable or absurd result not contemplated by the legislature.” (Newtowne Vill. Serv. v. Newtowne Rd. Dev. (Del. 2001) 772 A.2d 172, 175.) “A statute cannot be *Supp. 5 construed to produce an absurd, meaningless or patently inane result.” (In re Adoption of Swanson (Del. 1993) 623 A.2d 1095, 1099.) Delaware courts will not literally apply a statute where doing so “would undercut the overriding purpose” of the statute. (Saudi Basic Industries v. Mobil Yanbu Pet. (Del. 2005) 866 A.2d 1, 17 [holding literal application of borrowing statute to a cross-complaint would undermine purpose of statute by encouraging forum shopping].)
Delaware courts have held that section 8117 tolls that statute of limitations only when the defendant is not subject to service of process. (Saudi Basic Industries v. Mobil Yanbu Pet, supra, 866 A.2d 1, 18 [§ 8117 tolled statute of limitations with respect to foreign company until Delaware could assert personal jurisdiction over the company]; Brossman v. Federal Deposit Ins. Corp. (Del. 1986) 510 A.2d 471, 472 [statute of limitations did not run against Pennsylvania resident prior to enactment of long-arm statute making him amenable to service of process]; Hurwitch v. Adams (1959) 52 Del. 247 [155 A.2d 591][2]; cf. Code Civ. Proc., § 351.) The only evidence submitted at trial indicates that Chambers was not subject to personal jurisdiction in Delaware.
Section 8117 suspends the limitations period for actions that are brought in Delaware courts during the time that Delaware courts do not have jurisdiction over the defendant. The purpose of section 8117 is to protect persons seeking to file suit in Delaware from defendants who have made filing suit in Delaware difficult or impossible. In this case, Resurgence asserts that it is not a Delaware corporation, does not “reside there,” and could not legally have filed an action in Delaware based on federal and state law. (See 15 U.S.C. § 1692 et seq.,[3] the Fair Debt Collection Practices Act; Civ. Code, *Supp. 6 § 1788 et seq., the Rosenthal Fair Debt Collection Practices Act.[4]) Instead, Resurgence was required to file suit in California. (See Harrington v. CACV of Colorado, LLC (D.Mass. 2007) 508 F.Supp.2d 128, 133.) Thus, Chambers was always subject to suit in the only forum where she was amenable to suit. There is no reason for the Delaware Legislature to extend the limitations period with respect to actions that are not filed in Delaware and could not be filed in Delaware. Accordingly, section 8117 can be most reasonably read to apply only to actions that are actually filed in a Delaware court or actions that could have been filed in a Delaware court.
In McCorriston v. L.W.T., Inc. (M.D.Fla. 2008) 536 F.Supp.2d 1268, the plaintiff was a Florida-resident debtor who had successfully defended a credit card collection action on the ground that the action was barred by Delaware’s three-year statute of limitations.[5] The plaintiff then sued the collection agency who filed the action, asserting that the collection agency violated the federal Fair Debt Collection Practices Act by filing a time-barred action. (McCorriston, at p. 1271.) The defendant collection agency moved for summary judgment in part on the ground that the underlying debt collection action was not actually time-barred under Delaware law and that the bona fide error defense applied. (Ibid.) In discussing the proper application of Delaware’s statute of limitations to the underlying action, the court noted that “application of § 8117 to a case filed in Florida is plainly problematic. Defendant’s construction of § 8117 would indefinitely toll lawsuits filed in states other than Delaware, notwithstanding that those lawsuits were filed against account holders who were never in Delaware, but who are subject to service in the state in which the suit was filed. Such a construction would, as the court in Hurwitch[ v. Adams, supra, 155 A.2d 591] noted, effectively ‘result in the abolition of the defense of statutes of limitation in actions involving non-residents,’ an absurd result.” (McCorriston, at p. 1276.) The court held that, “[a]lthough wrong,” the defendant collection agency made “a good faith mistake” in asserting that Delaware’s limitations period had been tolled. (Id. at p. 1278; see also Gaisser v. Portfolio Recovery Associates, LLC (S.D.Fla. 2008) 571 F.Supp.2d 1273, 1278.)
The facts in this case are nearly identical to those in the underlying case discussed in McCorriston v. L.W.T., Inc., supra, 536 F.Supp.2d 1268. Applying Delaware’s tolling statute to a case filed in California in these circumstances would be absurd. Because Resurgence did not, and could not, *Supp. 7 file its lawsuit in Delaware, section 8117 did not toll the applicable limitations period under Delaware law.
Resurgence argues that the choice-of-law clause should not be enforced because Delaware does not have a substantial relationship to the dispute and Delaware law conflicts with California public policy. Before a court will apply the law of a foreign jurisdiction selected by the parties, the court must determine “(1) whether the chosen state has a substantial relationship to the parties or their transaction, or (2) whether there is any other reasonable basis for the parties’ choice of law. If neither of these tests is met, that is the end of the inquiry, and the court need not enforce the parties’ choice of law. If, however, either test is met, the court must next determine whether the chosen state’s law is contrary to a fundamental policy of California. If there is no such conflict, the court shall enforce the parties’ choice of law.” (Nedlloyd Lines B.V. v. Superior Court (1992) 3 Cal.4th 459, 465-466 [11 Cal.Rptr.2d 330, 834 P.2d 1148], original italics, fins, omitted (Nedlloyd); see Washington Mutual Bank v. Superior Court (2001) 24 Cal.4th 906, 918 [103 Cal.Rptr.2d 320, 15 P.3d 1071] [applying test to consumer adhesion contracts].)
Chambers entered into the credit card agreement with First USA Bank, a Delaware corporation. “ ‘ “A party’s incorporation in a state is a contact sufficient to allow the parties to choose that state’s law to govern their contract.” ’ ” (Guardian Savings & Loan Assn. v. MD Associates (1998) 64 Cal.App.4th 309, 317 [75 Cal.Rptr.2d 151]; see Klussman v. Cross Country Bank (2005) 134 Cal.App.4th 1283, 1292 [36 Cal.Rptr.3d 728]; cf. North American Asbestos Corp. v. Superior Court (1986) 180 Cal.App.3d 902, 907 [225 Cal.Rptr. 877].) It is irrelevant that Resurgence, an assignee, is not a Delaware corporation.
Because there is a basis for choosing Delaware law, the court next determines if Delaware law “is contrary to a fundamental policy of California.” (Nedlloyd, supra, 3 Cal.4th at p. 466.) “California courts have afforded contracting parties considerable freedom to modify the length of a statute of limitations. Courts generally enforce parties’ agreements for a shorter limitations period than otherwise provided by statute, provided it is reasonable. ‘Reasonable’ in this context means the shortened period nevertheless provides sufficient time to effectively pursue a judicial remedy.” (Moreno v. Sanchez (2003) 106 Cal.App.4th 1415, 1430 [131 Cal.Rptr.2d 684], fn. omitted; see ABF Capital Corp. v. Berglass (2005) 130 Cal.App.4th 825, 835 [30 Cal.Rptr.3d 588] [contracting parties may “both shorten and extend limitation periods”].) In this case, the shortened period would be three years instead of four years. (See Code Civ. Proc., § 337.) This is not unreasonable.
*Supp. 8 The judgment is reversed. Costs are awarded to Chambers. (See Cal. Rules of Court, rule 8.891.)

 Herlihy, P. J., Bocanegra, J., and Guerrero-Daley, J.

 Unless otherwise noted, all statutory references are to title 10 of the Delaware Code.

 In Hurwitch v. Adams, supra, 155 A.2d 591, the plaintiff filed an action to recover damages resulting from a motor vehicle accident that occurred four years prior. The statute of limitations for a motor vehicle accident was one year. (155 A.2d at p. 592.) The plaintiff asserted that the statutory period was tolled because the defendant was absent from the state. The court held that the action was time-barred because, even though the defendant was out of the state, the defendant was subject to service of process. (Id. at p. 593.) The court reasoned that a literal application of section 8117 “would result in the abolition of the defense of statutes of limitation in actions involving non-residents,” and case law had established that section 8117 “has no tolling effect on the applicable statute of limitations when the defendant in the suit is subject to personal or other service to compel his appearance.” (Hurwitch, supra, at pp. 594, 593; see also John J. Molitor, Inc. v. Feinberg (Del.Super.Ct. 1969) 258 A.2d 295, 296.)

 “Legal actions by debt collectors [f] (a) Venue. Any debt collector who brings any legal action on a debt against any consumer shall—[f] (1) in the case of an action to enforce an interest in real property securing the consumer’s obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or [f] (2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—[f] (A) in which such consumer signed the contract sued upon; or H] (B) in which such consumer resides at the commencement of the action.” (15 U.S.C. § 1692i.)

 “No debt collector shall collect or attempt to collect a consumer debt, other than one reduced to judgment, by means of judicial proceedings in a county other than the county in which the debtor has incurred the consumer debt or the county in which the debtor resides at the time such proceedings are instituted, or resided at the time the debt was incurred.” (Civ. Code, § 1788.15, subd. (b).)

 The credit card agreement included a Delaware choice-of-law clause.