**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3852
_____

ANDREW PANICO,

Appellant

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-15-cv-01566)
District Judge: Honorable Brian R. Martinotti

_____

Argued: March 30, 2017

Before: VANASKIE, KRAUSE, and RESTREPO, *Circuit
Judges*

(Opinion Filed: January 2, 2018)
_____

PHILIP D. STERN, ESQ. [ARGUED]
ANDREW T. THOMASSON, ESQ.
Stern Thomasson
150 Morris Avenue
2nd Floor
Springfield, NJ 07081
        *Counsel for Appellant Andrew Panico*

DAVID N. ANTHONY, ESQ. [ARGUED]
STEPHEN C. PIEPGRASS, ESQ.
Troutman Sanders
1001 Haxall Point
P.O. Box 1122
15th Floor
Richmond, VA 23219

AMANDA L. GENOVESE, ESQ.
Troutman Sanders
875 Third Avenue
New York, NY 10022

CINDY D. HANSON, ESQ.
Troutman Sanders
600 Peachtree Street, N.E.
Suite 5200
Atlanta, GA 30308
        *Counsel for Appellees Portfolio Recovery*
        *Associates, LLC*

_____

OPINION OF THE COURT

_____

RESTREPO, *Circuit Judge.*

In this putative class action, Plaintiff-Appellant Andrew Panico, who resides outside of the state of Delaware but signed a contract with a choice-of-law provision specifying application of Delaware state law, asserts that Defendant-Appellee Portfolio Recovery Associates ("PRA") violated the Fair Debt Collection Practices Act ("FDCPA") and the New Jersey Consumer Fraud Act ("NJCFA") by suing to collect debts after the applicable Delaware statute of limitations had run. The District Court granted Defendant's motion for summary judgment, after finding that a Delaware tolling statute served to prevent the Delaware statute of limitations from running as to a party residing outside the state of Delaware through the pendency of the credit relationship, default, collections attempts, and ensuing litigation. For the reasons that follow, we will reverse the District Court's grant of summary judgment and remand the case for further consideration.

## I[1]

Panico is a resident of the state of New Jersey, who, by early 2010, allegedly incurred substantial debt on a credit card account with MBNA America Bank ("MBNA"). As it arose from spending for personal or household purposes, Panico's obligation qualifies as "debt" under 15 U.S.C. § 1692a(5) of the FDCPA. On June 18, 2010, MBNA regarded Panico as delinquent on his then-outstanding balance. MBNA assigned the rights to the debt to Appellee PRA, a debt collector.

---

[1] For purposes of summary judgment in the District Court, the parties stipulated to all of the facts as related here.

3

Although PRA engaged in attempts to collect the debt, it did not succeed.

On October 20, 2014—more than three but fewer than six years after the cause of action for debt collection accrued—PRA sued Panico in New Jersey Superior Court to recover the balance. New Jersey's relevant statute of limitations barred collection of such debts after six years; Delaware's statute of limitations, by contrast, proscribed collection of such debts after only three years. The credit agreement governing the relationship between Panico and MBNA provided for application of "the laws of the State of Delaware, without regard to its conflict of laws principles, and by any applicable federal laws." App. 54. Panico moved for summary judgment, on the ground that the collections action was time-barred. Rather than litigate the issue of whether Delaware's tolling statute applied to stop the state's three year statute of limitations from running as to defendants residing outside the state, PRA agreed to a stipulated dismissal.

In March 2015, Panico filed this putative class action in the District Court for the District of New Jersey. The class action alleged violations of the FDCPA and the NJCFA, on the grounds that PRA had sought to collect on a time-barred debt. PRA moved for summary judgment on the basis that the debt it had sought to collect was not time-barred. That motion presented squarely the issue of whether the Delaware tolling statute would apply to abrogate the statute of limitations that would otherwise have barred the collection of the underlying debt. The parties agreed to address that issue before addressing class certification, and ultimately, the District Court granted PRA's motion for summary judgment on September 14, 2016. Panico timely appealed.

4

## II

The District Court had jurisdiction under 15 U.S.C. § 1692k(d)—the relevant section of the FDCPA—and 28 U.S.C. § 1331.  We have jurisdiction over an appeal from a final decision of a District Court under 28 U.S.C. § 1291.  Our review of a District Court's grant of summary judgment is plenary.  *NAACP v. City of Philadelphia*, 834 F.3d 435, 440 (3d Cir. 2016).  Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

## III

The parties agree, for the purpose of this appeal, that under New Jersey conflict-of-law rules, Delaware law governs this action.[2]  They disagree, however, as to the interaction of Delaware's statute of limitations and statutory tolling provision.  Delaware's statute of limitations for actions to recover debts based on a credit relationship between two parties bars filing against defendants "after the expiration of 3 years from the accruing of the cause of such action."  Del. Code Ann. tit. 10, § 8106a.  PRA's suit, filed in October of

---

[2]  PRA's memorandum of law in support of its motion for summary judgment before the District Court acknowledged that, "[f]or the purposes of this motion only, PRA will presume that [Panico]'s allegation as to the applicable state law and statute of limitation is correct." Supp. App. 1. PRA confirmed at oral argument that it agreed to so presume, rather than litigate the issue of conflict of laws, based on PRA's firm belief that it would prevail even if Delaware law applies.

2014 to collect an alleged debt regarded as delinquent as of June 2010, falls outside the applicable statute of limitations. PRA asserts, however, that the Delaware tolling statute applies to stop the statute of limitations from running because Panico resided outside of Delaware during the entirety of the credit relationship, the debt collection efforts, and the period of time preceding the commencement of litigation. The Delaware tolling statute provides that:

> If at the time when a cause of action accrues against any person, such person is out of the State, the action may be commenced, within the time limited therefor in this chapter, after such person comes into the State in such manner that by reasonable diligence, such person may be served with process. If, after a cause of action shall have accrued against any person, such person departs from and resides or remains out of the State, the time of such person's absence until such person shall have returned into the State in the manner provided in this section, shall not be taken as any part of the time limited for the commencement of the action.

Del. Code Ann. tit. 10, § 8117.

Our role is to apply the law of the appropriate jurisdiction. *City of Philadelphia v. Lead Indus. Ass'n*, 994 F.2d 112, 123 (3d Cir. 1993). Contrary to PRA's argument, Delaware courts have interpreted the state's tolling statute not to abrogate the statute of limitations against defendants within reach of the state's long-arm statute. *See, e.g.*, *Hurwitch v. Adams*, 155 A.2d 591 (Del. 1959); *Sternberg v. O'Neil*, 550

6

A.2d 1105, 1114 (Del. 1988). In *Hurwitch*, the Delaware Supreme Court noted that applying the tolling statute literally "would result in the abolition of the defense of statutes of limitations in actions involving non-residents." *Hurwitch*, 155 A.2d at 594. Rather than countenance such a result, the Court held that the tolling statute "has no tolling effect . . . when the defendant in the suit is subject to personal or other service to compel his appearance."[3] *Id.* at 593. As such, the limitations period "runs continuously without interruption when there is available to the plaintiffs throughout the period an acceptable means of bringing the defendant into court." *Id.* at 594 (citation omitted). Within Delaware, *Hurwitch* has guided state courts to find that statutory tolling does not stop the statute of limitations from running as to defendants who would have been amenable to service. *See, e.g.*, *Sternberg*, 550 A.2d at 1114 (confirming, in the context of an Ohio corporation, that there "is no tolling effect on the applicable statute of limitations in any action when the nonresident defendant in the suit is subject to substituted service of process.").

PRA points to *Saudi Basic Industries Corp. v. Mobil Yanbu Petrochemical Co.*, where the Delaware Supreme Court applied statutory tolling to an out-of-state entity so as to abrogate an otherwise-applicable statute of limitations. 866 A.2d 1 (Del. 2003). But *Saudi Basic* only underscores that the lynchpin of the analysis is whether the defendant could reasonably be served. In that case, the court held that "the purpose and effect of [the tolling statute] is to toll the statute of

---

[3] Since *Hurwitch*, the tolling statute has been re-codified at Del. Code Ann. tit. 10, § 8117, as cited above. At the time, the tolling statute was codified at Del. Code Ann. tit. 10, § 8116.

7

limitations as to defendants who, at the time the action accrues, are outside the state and are not otherwise subject to service of process in the state." *Id.* at 18. In those circumstances, the statute of limitations is tolled until the defendant "becomes amenable to service of process." *Id.* The defendant in *Saudi Basic* was a corporation based in Saudi Arabia, and could not have been served even under Delaware's long-arm statute.[4] There is no dispute that the tolling statute applies in such a case—but serving a resident of New Jersey differs substantially from serving a Saudi Arabian corporation. Indeed, PRA had no trouble serving Panico when it sued him in New Jersey state court.[5]

The *Hurwitch* line of cases has guided out-of-state courts in answering the question that Delaware courts cannot sit in a posture to answer: whether Delaware's tolling statute

---

[4] That statute provides that "[a]ny person . . . submits to the jurisdiction of the Delaware courts" when he or she, among other things, "[t]ransacts any business . . . in the State." Del. Code Ann. tit. 10, § 3104(b)-(c). The same statute provides for "service of process outside the State" in a variety of ways—including personal delivery as prescribed for service within Delaware, or personal delivery as prescribed for service within the jurisdiction of the person to be served—so long as it is "reasonably calculated to give actual notice." *Id.* § 3104(d).

[5] The parties stipulated at the summary judgment stage that Plaintiff was not amenable to service of process in Delaware, App. 47; however, while it may have been true that Plaintiff was not subject to process while physically located in Delaware, it is beyond peradventure that Plaintiff was subject to service of process, even out of state.

8

stops the Delaware statute of limitations from running in suits commenced, as here, in out-of-state jurisdictions against out-of-state parties based on agreements governed by Delaware law. Out-of-state courts have uniformly declined to apply the Delaware tolling provision to stop the statute of limitations from running in perpetuity. *E.g.*, *Portfolio Recovery Assoc., LLC v. King*, 927 N.E.2d 1059, 1062 (N.Y. 2010) (concluding the Delaware tolling provision did not extend the Delaware statute of limitations in an action by the same party in this suit to collect a debt against a non-resident of Delaware); *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1276 (M.D. Fla. 2008) (finding that an argument that the Delaware tolling statute stopped the Delaware statute of limitations from running, "although wrong . . . was a good faith mistake"); *Resurgence Fin., LLC v. Chambers*, 173 Cal.App. 4th Supp. 1, 6 (2009) (finding that the Delaware tolling statute "can be most reasonably read to apply only to actions that are actually filed in a Delaware court or actions that could have been filed in a Delaware court").[6]

---

[6] *See also Izquierdo v. Easy Loans Corp.*, No. 2:13-cv-1032-MMD-VCF, 2014 WL 2803285, *7 (D. Nev. June 19, 2014) (finding that the Delaware tolling statute only stopped the Delaware statute of limitations from running when the action was or could have been filed in a Delaware court); *Lehman Bros. Holdings, Inc. v. First Cal. Mortg. Corp.*, No. 13-cv-02113-CMA-KMT, 2014 WL 1715120, *4 (D. Colo. April 30, 2014) (rejecting the argument that Delaware's tolling statute stops the statute of limitations from running when such application would result in "an absurd result: tolling the limitations period in perpetuity").

The only courts that have accepted arguments analogous to PRA's here—that the Delaware tolling statute stops the Delaware statute of limitations from running—have done so in contexts where doing so would not create "the 'absurd' result of a claim surviving in perpetuity" or result in "the abolition of a statute of limitations affirmative defense." *Unifund CCR Partners v. Sunde*, 260 P.3d 915, 925 (Wash. App. 2011); *see also CACV of Colorado, LLC v. Stevens*, 274 P.3d 859 (Or. Ct. App. 2012). In both of those cases, the courts applied the forum state's limitations period to preserve the availability of a statute of limitations defense. *Unifund*, 260 P.3d at 915 (applying Washington's limitations period); *CACV*, 274 P.3d at 859 (applying Oregon's limitations period). No court, then, has accepted the argument that PRA makes here—that the Delaware tolling statute may stop the Delaware statute of limitations from running in perpetuity as to the many out-of-state consumers who sign contracts of adhesion with Delaware corporations without ever setting foot in the state.

We believe those courts have the correct reading of the interaction of the Delaware tolling and limitations statutes as to such out-of-state defendants. For decades, the Delaware tolling statute has abrogated the State's statute of limitations only as to defendants not otherwise subject to service of process. We have heard no evidence that the Delaware legislature intended to export the state's tolling statute into out-of-state forums so as to substantially limit the application of the Delaware statute of limitations. Departing from that precedent would also have the effect of eliminating the protections of the FDCPA, NJCFA, and other state statutes intended to protect debtors and regulate debt collection. We see no reason to predict that the Delaware Supreme Court would reject the *Hurwitch* line of cases in contravention of

10

federal and out-of-state consumer protection law in a manner that would result in indefinite tolling of the state statute of limitations. Accordingly, we decline to do so.

## IV

For the foregoing reasons, we reverse the order of the District Court, and remand for further proceedings consistent with this opinion.